Rebecca Ann JETTON and Cheryl Lynn Robinson, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F-80-224, F-80-225.

Court of Criminal Appeals of Oklahoma.

July 22, 1981.

Rehearing Denied Aug. 17, 1981.

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellants.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Criminal Division, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Rebecca Ann Jetton, and Cheryl Lynn Robinson, hereinafter referred to as the defendants, were convicted by a jury in the District Court of Tulsa County, Case No. CRF–79–1465, for the offense of

Robbery with Force, 21 O.S. 1971, § 791. Pursuant to the second and subsequent offender statute, they were sentenced to twenty (20) years, and ten (10) years' imprisonment, respectively. From said judgment and sentences, the defendants have perfected this consolidated appeal.

The evidence presented at trial indicates that on the night of May 21, 1979, a little after 10 p. m., Marion Davidson, the complaining witness, went into a lounge in Tulsa, where he sat down at the bar and ordered a beer. Soon thereafter, a young woman approached him and asked him to join her and her friends at their table. Davidson obliged, and was led to a nearby table where four or five other women, including the defendants, were sitting. He took one drink while at that table. When Davidson left the lounge a short while later, he was followed outside by the women. Once outside, they demanded his billfold. He refused to turn it over. Whereupon, the women, including the two defendants, started hitting him and subsequently knocked him to the ground. His nose was broken, his lip was cut, and his billfold, containing between $40 and $60 was removed from his back pocket. It was found the next day on the adjacent property without the money.

The beating of Davidson continued until Mr. Paydon, Assistant District Attorney for Tulsa County, drove upon the scene. Paydon recognized one of the assailants as being defendant Jetton. He quickly summoned the police and related to them what had happened. While he was talking to the officers, defendant Robinson emerged from the rear of the lounge and was promptly apprehended.

In their testimonies, both defendants admitted to being at the scene of the attack, but denied taking part in it. They both insisted that the entire incident consisted of nothing more than a mere scuffle between the victim and another girl identified as "JoJo".

## I

■ In their first assignment of error, the defendants assert that the trial court erred in not instructing the jury as to the lesser included offense of assault and battery. On its part, the State contends that there is no evidence in the case to warrant such an instruction. We agree.

In the instant case, Davidson testified that the defendants took his wallet after inflicting physical punishment on him. The defendants' response, on the other hand, was a total denial that they ever took part in the incident complained of. Clearly, they were not entitled to instruction on assault and battery, for under the evidence presented they were either guilty of robbery with force or innocent. *Hankins v. State*, 602 P.2d 1052 (Okl.Cr. 1979); *Rogers v. State*, 583 P.2d 1104 (Okl.Cr. 1978); *Woods v. State*, 569 P.2d 1004 (Okl.Cr. 1977). This assignment of error is thus without merit.

## II

In their second assignment of error, the defendants allege that there was insufficient evidence to prove that they intended to rob the victim. We disagree.

■ When the sufficiency of evidence presented at trial is challenged on appeal, as it is herein, the test is whether a *prima facie* case has been established. As long as that test is satisfied, fact questions are for the jury to determine. *Hunt v. State*, 601 P.2d 464 (Okl.Cr. 1979). Title 21 O.S. 1971, § 791 defines robbery as follows:

Robbery is the wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accompanied by means of force or fear.

Title 21 O.S. 1971, § 792 states the manner in which the force or fear must be employed:

To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to its taking.

■ The defendants argue that the State failed to establish that either of them actu-

ally took the victim's billfold. Davidson's testimony, however, was that the defendants demanded his billfold as he was leaving the lounge. When he refused, they beat him up. Mr. Paydon arrived in time to witness the beating, and by the time things settled down, Davidson's billfold and money were missing.

We find that the demand for the billfold, the evidence of beating, and the contemporaneous disappearance of the billfold represent a chain of events sufficient to establish a *prima facie* case of Robbery by force or fear within the statutory definition of that crime in Oklahoma. In this determination, we view the entire record in the light most favorable to the State. *U.S. v. Peters*, 625 F.2d 366 (10th Cir. 1980); *Renfro v. State*, 607 P.2d 703 (Okl.Cr. 1980). For this reason, this assignment of error is also without merit.

### III

■ In their third assignment of error, the defendants contend that jury instruction No. 6 was constitutionally impermissible because it allegedly gave rise to a mandatory presumption of the defendants' guilt. The defendants cite *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), a case in which the United States Supreme Court reversed on grounds of a jury instruction.

*Sandstrom* was decided before this case was tried. We note that a careful examination of the record before us fails to reveal that the defendants at any time objected to the instructions given. This is unlike the *Sandstrom* defendants who timely and properly objected to instructions complained of in that case and preserved same for review on appeal. More important, the

record does not indicate that the defendants presented any instructions on their own behalf. The purpose of requiring objections to instructions before presenting them to the jury is to inform the court of any mistake or irregularity in order that the court may correct possible errors. Where the defendants were aware of jury instruction No. 6 and failed to object, and where they declined to offer their own instructions, we hold that such objection was waived. *Hames v. Anderson*, 571 P.2d 831 (Okl. 1977); *Phipps v. State*, 572 P.2d 588 (Okl.Cr. 1977). This assignment of error is thus not properly preserved for review.

### IV

■ In their final assignment of error, the defendants allege that during the punishment stage of the trial, the State offered three documents which identified "Rebecca Ann Jetton" as having suffered previous convictions. They contend that no identification testimony was offered to confirm that Ms. Jetton, the co-defendant in this case, was the same person named in the documents. We will not entertain this objection because Ms. Jetton herself admitted to those convictions when she took the witness stand.

■ Again, the defendants contend that 21 O.S.Supp. 1978, § 51(B) under which Ms. Jetton was sentenced, violates Art. V, § 57 of the Oklahoma Constitution.[1] However, a thorough examination of the record shows that not once throughout the proceedings did the defendants raise any objections to the sentencing. Where the question of unconstitutionality of the habitual offender statute is not presented to the trial court, not argued, and not properly preserved for review, we will not consider it for the first

---

1. In *Thigpen v. State*, 571 P.2d 467 (Okl.Cr. 1977), we declared 21 O.S. 1971, § 51(B) to be unconstitutional. The statute was re-enacted, after appropriate modifications, in 1978. The new statute reads as follows:

     Every person, who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location. Nothing in this section shall abrogate or affect the punishment by death in all crimes now or hereafter made punishable by death.

time on appeal. *See Poke v. State*, 515 P.2d 252 (Okl.Cr. 1973). For these reasons, the sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.