Ronald Wayne CLARK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–320.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1984.

Rehearing Denied April 17, 1984.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

The appellant, Ronald Wayne Clark, was convicted in Comanche County District Court, Case No. CRF–81–413, of Rape in the First Degree, After Former Conviction of a Felony, and two (2) counts of Sodomy, After Former Conviction of a Felony, was sentenced to twenty (20) years' imprisonment for each charge, sentences to run consecutively, and he appeals.

The facts in this case are relatively simple. On the 22nd day of June, 1981, the prosecutrix went to the Holiday Bar in Lawton, Oklahoma, to pick up her termination check. While she was waiting for the manager, she met the appellant, whom she later positively identified as her assailant, and left with him to go to another bar. Instead of driving to the bar, the appellant drove out into the country where he orally and anally sodomized her at knife point, and raped her. The appellant was taken into custody three (3) days later whereupon he denied committing any of the charged offenses.

The appellant first argues that, because the alleged sexual acts occurred within a brief period of time and the State failed to specify which of the acts it would rely on for the conviction, the acts consti-

tute a single offense, for which he is being punished three times. However, a careful review of the record clearly reveals that the acts constituted separate and distinct offenses.

The appellant further argues that the sentence given on each conviction is excessive.

This Court has consistently held that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. *Edwards v. State*, 645 P.2d 528 (Okl.Cr.1982), and cases cited therein. In light of the nature of the offenses and the fact that the punishment imposed is well within the range provided by statute, we cannot conscientiously say that the sentence imposed shocks the conscience of the Court. See also, *Boyd v. State*, 572 P.2d 276 (Okl.Cr.1977).

In accordance with the authorities above set forth, the judgments and sentences appealed from are AFFIRMED.

CORNISH and BRETT, JJ., concur.