Marvin Joseph WARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–759.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

S. Daniel George, Sallisaw, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Marvin Joseph Ward was convicted of Robbery with Firearms in the District Court of McIntosh County. He received a sentence of five (5) years' imprisonment.

On the evening of January 24, 1979, a man entered Walker's Liquor Store in Checotah, Oklahoma and asked the clerk, Lila Payne, for a fifth of Brass Monkey. She turned to get the liquor and as she turned back around she saw the man was pointing a weapon at her. He told her "this is a stick-up," and she complied with his command to open the cash register, from which he took $230.00—$240.00. About three days later, Sheriff Donald Beaver showed to her photographs of potential suspects. She identified appellant as the man who robbed her.

Lila Payne testified at the hearing on appellant's motion to suppress the in-court identification that she was shown not more than four pictures by the sheriff. She said she no longer actually remembered how many. The sheriff testified that he showed her from eight to ten pictures, but he had only four pictures left in the envelope of those photographs since some had been used in other lineups. Because of poor records made of the photographic identification session, the district court sustained appellant's motion in limine to suppress this evidence. There was no evidence of suggestiveness, although one photograph was of a man of American Indian characteristics; appellant apparently is not an Indian.

Appellant now claims the trial court erred in not suppressing Ms. Payne's in-court identification of him. However, appellant lodged no objection to the in-court identification. We have consistently held that objection must be made at trial to the introduction of evidence in order to preserve for review error in its admission. *See, e.g., Roberts v. State*, 568 P.2d 336 (Okl.Cr.1977). We do note, however, that even if a pre-trial lineup is improper, this will not require suppression of in-court identification. *Green v. State*, 594 P.2d 767 (Okl.Cr.1979).

Appellant asserts too that the jury should have been given a cautionary instruction regarding the eyewitness identification. However, the record is void of a request of such an instruction at trial. We have consistently held that submission of a written requested instruction to the trial court is necessary to preserve review of instructional errors on appeal. *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981); *Lewis v. State*, 541 P.2d 251 (Okl.Cr.1975).

Ms. Payne positively identified appellant as the robber on a number of occasions; she never wavered in her identification or failed to identify appellant. Finding no error meriting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., concurs in results.