**James Edward DYKE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–659.**

Court of Criminal Appeals of Oklahoma.

April 1, 1986.

---

Elaine Meek, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, James Edward Dyke, Jr., was charged, tried and convicted for two counts of Robbery with a Firearm, and one count of Unauthorized Use of a Motor Vehicle, in the District Court of Pittsburg County, Case No. CRF–81–313. The jury returned sentences of ten (10) years imprisonment for each count of robbery, and five (5) years imprisonment for the car theft. We affirm.

On Sunday, August 30, 1981, Lloyd Tucker, the manager of the Skyline Club in McAlester, and Diane Freeburg, a club employee, were robbed by three men who entered Ms. Freeburg's apartment with a gun. The club was owned by Joie and Barcley Humphrey. The evening before the robbery, and after the club had closed, Mr. Tucker had delivered the club's evening receipts to the Humphrey residence. The robbers asked Mr. Tucker about the club receipts, and were told he did not have them. After ransacking the apartment in

search for the cash, the men were told by Mr. Tucker that he had delivered the funds the previous evening to Mr. and Mrs. Humphrey. The men asked for directions to the Humphrey residence. Mr. Tucker and Ms. Freeburg were bound, blindfolded and gagged before the men left the apartment. Ms. Freeberg heard the men drive away with Mr. Tucker's car. Neither Ms. Freeburg nor Mr. Tucker could identify the robbers.

Moments later, the appellant and a co-defendant entered the Humphrey home. They demanded the cash receipts, and bound and gagged the Humphreys. The men left with some jewelry and over $6,000 in cash receipts from the club. Both the Humphrey's were able to identify the appellant as one of the two robbers.

Several items of circumstantial evidence were admitted against the accused, including evidence that his fingerprints were recovered from a newspaper found at the scene of the Tucker-Freeburg robbery.

The appellant claimed the defense of alibi at his trial.

### I.

For his first assignment of error, the appellant claims, the trial court erred in failing to suppress an inked palm impression taken from the appellant by Texas authorities following his arrest. This inked impression was used by police to identify, as the appellant's, a latent palm print found on the newspaper at the scene of the Tucker-Freeburg robbery. Appellant argues his initial arrest by Texas officers was improper; therefore the inked palm impression, as the fruit of that illegal arrest, should have been suppressed, citing *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), as authority. *See also Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■ However, the appellant has failed to provide this Court with a sufficient record with which to properly review this claim. Furthermore, it is readily apparent from the record that an inked palm impression had previously been obtained from appellant by police in California, and was obtainable from those authorities; thus, even if the arrest was unlawful, the evidence—in this case the inked palm impression—would inevitably have been discovered and obtained by Oklahoma officials. *See Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). This assignment of error is without merit.

### II.

Next, appellant challenges the sufficiency of the evidence used by the State to convict him for the offense of Unauthorized Use of a Motor Vehicle. We reject this contention.

It is true, as appellant asserts, that the evidence used to prove this count was entirely circumstantial. However, we hold that the appropriate standard for reviewing the sufficiency of the evidence is whether a reasonably minded jury could conclude that the evidence is inconsistent with any reasonable hypothesis other than the defendant's innocence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Smith v. State*, 695 P.2d 1360, 1362 (Okl.Cr.1985). In making this assessment, we view the evidence in the light most favorable to the State, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), accepting all reasonable inferences and credibility choices that tend to support the jury's verdict.

■ In this case, Ms. Freeburg heard Mr. Tucker's car being driven away just minutes after the robbery. She knew it was Mr. Tucker's car by its distinctive sound. Mr. Tucker confirmed that the car was discovered stolen from the apartment lot after he and Ms. Freeburg freed themselves from their restraints. Furthermore, although neither Ms. Freeburg or Mr. Tucker were able to identify the robbers, appellant was positively identified by Mr. and Mrs. Humphrey. Mr. Tucker testified he gave no one permission to take his car. Under these facts, and in light of the stan-

dard set out above, we find this assignment of error is without merit.

### III.

In his third assignment of error, the appellant maintains the trial court erred in permitting joinder of the three charged offenses at one trial. We again reject the appellant's assertion.

■ Joinder of separately punishable offenses is permitted pursuant to 22 O.S. 1981, § 436 *et seq. Dodson v. State,* 562 P.2d 916, 923 (Okl.Cr.1977) (Brett, J., specially concurring). This statute permits joinder of separately punishable offenses allegedly committed by the accused "if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions." *Glass v. State,* 701 P.2d 765, 768 (Okl.Cr.1985). Separate offenses are part of the same series of criminal acts or transactions "where the counts so joined refer to the same type of offenses occuring over a relatively short period of time, in approximately the same location, and proof as to each transaction overlaps so as to evidence a common scheme or plan." *Id.* In the instant case, the robbery and auto theft involving Ms. Freeburg and Mr. Tucker were part of the same transaction, and were properly joined. The Humphrey robbery, although a separate transaction, was part of a series of criminal acts or transactions, within the meaning of 22 O.S. 1981, § 436, as construed in *Glass v. State, supra.* The Humphrey robbery, like the others, was a theft offense, and occurred in the same vicinity just shortly after the other offenses. Moreover, it is clear that the robberies were committed to facilitate the thieves' common plan to steal receipts from the Skyline Club. We therefore agree that the trial court properly permitted joinder of these offenses for a single trial.

### IV.

In his fourth assignment of error, the appellant maintains error occurred when the trial court failed to exclude witness Tony Graham from the courtroom during the presentation of evidence, pursuant to 12 O.S. 1981, § 2615, the rule of sequestration. The State contended below, and argues before this Court, that Graham, an OSBI agent and one of two investigating officers for the State, fits into the exception to this rule of sequestration, and was properly allowed to remain in the courtroom at counsel table.

■ Title 12 O.S. 1981, § 2615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The court may make the order of its own motion. This rule does not authorize exclusion of:

1. A party who is a natural person; or

2. An officer or employee of a party which is not a natural person designated as its representative by its attorney.

The rule excluding, or sequestering, witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion. I Wigmore, *Evidence* §§ 1837–38 (Chadvourn rev. 1976). *See also* I Whinery, *Oklahoma Evidence* 234 (1985). The authority of the trial judge to exclude witnesses is clear; equally certain is the right of either the prosecution or defense to require the exclusion of witnesses, upon proper request. No time limit is specified for making the request. Wigmore, *supra,* § 1840 at 470. The only exceptions to this mandatory rule of exclusion are the two listed in the statute.

The State argues that Agent Graham fell within the exception listed in subdivision two (2) of the statute, as Graham was the State's designated representative. We have not previously construed this section of the Evidence Code, although our pre-Code case law allowed the investigating officer to remain outside the scope of the sequestration rule. *See Johnson v. State,* 559 P.2d 466 (Okl.Cr.1977). In our interpretation of this statute, we are guided by the interpretation given the Federal Rules of Evidence by the Federal Courts "[s]ince

the Evidence Code was patterned after the Federal Rules of Evidence with the intent that practice in both state and federal courts be uniform." *Laske v. State,* 694 P.2d 536, 538 (Okl.Cr.1985). Our Evidence Code provision is identical to *Fed. R. Evid.* 615, as it relates to this issue.[1]

■■■■ The Federal Courts have uniformly applied the exception contained in their Rule 615(2), the word-for-word equivalent of our section 2615(2), in the context of federal law enforcement agents, and have permitted the exception. *See, e.q., United States v. Butera,* 677 F.2d 1376, 1381 (11th Cir.1982) (case agent clearly exempted); *United States v. Perry,* 643 F.2d 38, 53 (2d Cir.1981) (governmental investigative agent may be designated to sit at government's counsel table even though he is also a witness); *United States v. Boyer,* 574 F.2d 951, 955 (8th Cir.1978) (FBI agent need not be excluded as he fits under second exception); *See also United States v. Parodi,* 703 F.2d 768, 773–75 (4th Cir.1983). In light of this persuasive authority, and our pre-Code holding, we find that Agent Graham was properly excluded from the rule of sequestration under the authority of 12 O.S. 1981, § 2615(2).[2]

### V.

Appellant next asserts the trial court committed fundamental error by failing to issue to the jury verdict forms of "not guilty," on each count. As support for this argument, appellant demonstrates that the "not guilty" verdict cannot be found in the original record filed before this Court.

■■■■ We agree with appellant that failure to submit "not guilty" verdict forms to

the jury constitutes fundamental reversible error. *See Newman v. State,* 239 So.2d 913, 914 (Miss.1970); *Commonwealth v. Edwards,* 394 Pa. 335, 147 A.2d 313 (1959). However, the appellant has failed to demonstrate that the "not guilty" verdict forms were withheld from the jury. First, the designation of record on appeal does not request, with specificity, the inclusion of unused verdict forms. Second, the Hon. Robert Layden, District Judge and trial judge for this case, has filed an affidavit with this Court stating that the "not guilty" forms were provided the jury, and that the "verdict forms finding the defendant not guilty were not made part of the transcript. They were returned by the Jury, not signed, and simply put in the back of the casefile without being formally filed in the case." Attached to the affidavit are copies of the unused verdict forms. In light of this information, we find that this assignment of error is totally without merit.[3]

### VI.

Appellant has made several challenges to the trial court's failure to give certain jury instructions. We will consider these allegations together.

■■■■ Appellant contends the trial court erred in failing to issue cautionary instructions regarding problems associated with eyewitness testimony, and the proper use of other crimes evidence. Appellant also maintains the trial court erred in failing to charge the jury on the defense of alibi. We note, however, that none of these instructions were requested by the defense. The general rule applicable here is that

---

1. The federal rule also permits an exception to the rule involving "a person whose presence is shown by a party to be essential to the presentation of his cause." *Fed. R. Evid.* 615(3). This language was excluded by the drafters of our Evidence Code. Failure to include this exception has been questioned by Whinery. *See* I Whinery, *Oklahoma Evidence* 234 (1985).

2. Appellant also asserts error at preliminary hearing when two case agents were permitted to sit at counsel table, though both were called as witnesses. Although this procedure was not

necessarily error, the better practice is to exclude all but one officer.

3. We are particularly concerned that this allegation of error was apparently not fully investigated by appellate defense counsel. This is a highly serious allegation to raise against a trial judge. Defense counsel should make a better effort to ascertain the true facts, rather than relying solely on an original record which is incomplete due to an insufficient designation of record.

failure to request these instructions will result in waiver of the trial court's responsibility to give them. *See Green v. State,* 713 P.2d 1032, (Okl.Cr.1985) (alibi instructions waived by failure to make request); *Pearson v. State,* 632 P.2d 765, 768 (Okl. Cr.1981) (cautionary instruction not required in absence of a request). These claims are therefore without merit.

▇▇▇▇ Appellant also asserts the trial court erred in failing to charge the jury regarding the evidentiary weight and use of circumstantial evidence. Unlike theory of defense or cautionary instructions, a charge on circumstantial evidence is required, even without a request, when

> all the evidence relied upon [for conviction] is circumstantial ... [However], the failure to give an instruction where all the evidence is circumstantial and no request is made, is not reversible error unless the evidence against the defendant is inherently weak or improbable.

*Grimmett v. State,* 572 P.2d 272, 274 (Okl.Cr. 1977). In this case, the evidence regarding the Humphrey robbery was, as the State asserts, both circumstantial and direct. However, the evidence regarding the car theft and the Tucker-Freeburg robbery was solely circumstantial, and, therefore, a charge explaining circumstantial evidence should have been given by the trial court *sua sponte.* Nevertheless, because the evidence relating to the auto theft and the Tucker-Freeburg robbery was not "inherently weak or improbable," *id.,* we decline to reverse the judgment and sentence in those cases.

### VII.

▇▇▇ Appellant also argues the trial court erred in permitting the prosecutor to engage in prosecutorial misconduct during both cross-examination of defense witnesses, and in closing argument. However, none of these alleged incidents of prosecutorial misconduct were met with a contemporaneous objection by defense counsel. Accordingly, since we are unable to conclude that their combined effect was so prejudicial as to affect the fundamental fairness and impartiality of the proceedings, we will not reverse on this basis. *Glass v. State, supra* at 770.

▇▇▇ In a related argument, the appellant also asserts that the prosecutor, in attempting to impeach the appellant's testimony by proof of his prior conviction, revealed to the jury the amount of time actually served by the appellant for the past offense. It is certainly true that evidence admitted regarding the amount of time actually served on a prior conviction, if raised by the prosecutor, would constitute error. *See Jones v. State,* 554 P.2d 830 (Okl.Cr. 1976).[4] Impeachment through evidence of prior convictions under 12 O.S. 1981, § 2609 is limited to the name of the crime, the time and place of conviction, and the sentence imposed. *Shipman v. State,* 639 P.2d 1248 (Okl.Cr.1982). However, in this case, the evidence regarding time served on the prior conviction was raised by the appellant on direct examination, not by the prosecutor. This assignment of error is therefore wholly without merit.

### VIII.

Appellant next contends the trial court erred in failing to provide defense counsel with an adequate tape recording of his co-defendant's preliminary hearing, in order that he might impeach the testimony of Ms. Humphrey at his trial. The record indicates, however, that a tape recording of the preliminary hearing was admitted into evidence on defense motion. Although appellant now claims the tape was inaudible, no objection to the quality of the tape recording was raised by the appellant at trial. This assignment of error is therefore without merit.

### IX.

The appellant also contends the trial court erred in allowing the addmission of certain exhibits against the accused. First,

---

**4.** Although *Jones v. State,* pre-dates the Evidence Code, the rule of law contained therein is consistent with our interpretation of the Code in *Shipman v. State,* cited above.

the appellant claims the trial court erred in admitting a copy of the Information charging him with a prior offense in California. Next, the appellant argues exhibits relating to his co-defendant's culpability were improperly admitted.

■ The State sought admission of the Information as part of its proof that appellant had suffered a prior conviction, so as to qualify him for enhanced punishment under 21 O.S. 1981, § 51. We have previously held that the Information may be introduced into evidence to support the State's allegation. *Hill v. State*, 648 P.2d 1268 (Okl.Cr.1982). This claim has no merit.

■ Regarding appellant's second argument, we note that all of the exhibits related to the appellant's co-defendant, not to the appellant himself. Accordingly, even if admission of the exhibits was somehow error, we are hard-pressed to discern how the appellant was prejudiced. *See Standridge v. State*, 701 P.2d 761 (Okl.Cr.1985).

## X.

Appellant's final assignment of error contains an allegation that the prosecutor failed to disclose certain items of exculpatory evidence to the accused prior to trial. Appellant claims he was deprived of information that the OSBI had, during one testing procedure, failed to identify appellant's latent palm print on newspapers found at the scene of the Tucker-Freeburg robbery. He also claims that the prosecutor failed to provide the appellant with a copy of the inked impression of his hand, as obtained by California authorities. Finally, he claims the prosecutor failed to provide him an audible copy of the tape of his co-defendant's preliminary hearing. We find no error in the refusal of the trial court to grant a new trial on this basis.

■ Appellant made a specific request for disclosure of the first two items of evidence. Therefore, we agree with appellant's statement that failure by the State to respond to a request for exculpatory evidence, if the evidence is specifically requested, will result in reversal of a conviction if the evidence is "material." *United States v. Agurs*, 427 U.S. 97, 104–106, 96 S.Ct. 2392, 2398–99, 49 L.Ed.2d 342 (1976). However, appellant had failed to prove that this evidence was, in fact, withheld from the accused. Furthermore, regarding the preliminary hearing tape, a tape was played to the jury at the defendant's request, and no complaint was voiced regarding the quality of the tape. Therefore, we fail to understand how the appellant was prejudiced. *See Stevenson v. State*, 486 P.2d 646 (Okl.Cr.1971) (appellant must demonstrate prejudice before a conviction will be reversed for failure to release exculpatory evidence).

This assignment of error is without merit.

## XI.

Appellant has also made several arguments concerning alleged irregularities during the preliminary hearing of this case. We have considered carefully each of these claims, and find them likewise to be without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.