**Thomas William AUMILLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-83-754.**

Court of Criminal Appeals of Oklahoma.

June 10, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Thomas William Aumiller, was tried by jury for the crime of Unlawful Delivery of Lysergic Acid Diethylamide (LSD), a controlled dangerous substance (63 O.S.1981, § 2–401), After Former Conviction of a Felony (21 O.S.1981, § 51), in the District Court of Garfield County, Case No. CRF–81–332. The appellant was found guilty as charged, and punishment was set at forty-five (45) years' imprisonment and a $1,000 fine. On appeal, we modify the sentence to forty-five years' with no fine and otherwise affirm.

The facts of this case are simple. On October 17, 1981, the appellant delivered to two undercover agents of the Oklahoma Bureau of Narcotics and Dangerous Drugs one hundred forty-nine bags, each of which contained one hundred tablets of LSD.

In his first assignment of error, appellant claims the trial court's instructions were fatally defective because they did not inform the jury that it had to find beyond a reasonable doubt that the distribution was made "knowingly." At the outset we note that appellant did not object at trial to the instructions given or request any of his own. Consequently, appellate review is

waived except for fundamental error. *Rowell v. State*, 699 P.2d 651 (Okl.Cr.1985).

 Title 63 O.S.1981, § 2–401 provides in pertinent part:

A. Except as authorized by the Uniform Controlled Dangerous Substances Act, it shall be unlawful for any person:

1. To ... distribute ... a controlled dangerous substance....

B. Any person who violates this section with respect to:

1. A substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD) shall, upon conviction, be guilty of a felony....

It is apparent from reading the statute that specific intent is not an element of the crime. *See also Hill v. State*, 589 P.2d 1073 (Okl.Cr.1979). Failure to give an unrequested instruction on general intent was not reversible error. *Cf. Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979) (even where scienter was an element of the crime and an instruction was requested, this Court would not reverse where there was no reasonable possibility that the verdict would have been different had such an instruction been given), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980).

 Next, appellant argues that the trial court improperly admitted evidence that was irrelevant, namely, the size of the transaction, that LSD is a very dangerous drug, and the street value of the drugs. This contention is meritless. The scope of a crime is always relevant if for no other purpose than to help the jury assess the appropriate punishment considering the seriousness of the crime.

 Appellant also contends that the court improperly allowed the prosecutor to ask questions in rebuttal that neither contradicted nor disproved evidence presented by the defense. The questions concerning the street value of the LSD were proper rebuttal because the appellant testified in his defense that he did not have to sell drugs for a living as his income for the year as a tool pusher was $40,000. The jury was left to wonder why someone with that kind of income would be selling drugs. The rebuttal testimony supplied the answer. Although it was somewhat repetitive of his testimony given in the State's case-in-chief, Agent Lowrey's testimony concerning the drug deal directly contradicted the appellant's and was not, therefore, erroneously admitted. *See Tucker v. State*, 499 P.2d 458 (Okl.Cr.1972).

 The third assignment of error is well-taken. The trial court improperly combined penal provisions from two statutes—63 O.S.1981, § 2–401(c) and 21 O.S. 1981, § 51—and instructed the jury that the crime was punishable by a term of imprisonment for not less than ten years and a fine of not more than $20,000. Because the prior felony was not one covered under the Uniform Controlled Substances Act, punishment could be enhanced only under 21 O.S.1981, § 51, which does not provide for a fine. *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977). Accordingly, the judgment and sentence must be modified to a term of forty-five years' imprisonment. We do not find that a reduction of the prison term is required as appellant suggests.

Appellant's final contention is that the statutory scheme that provides different enhancements of punishment, depending on whether a prior conviction is for a drug or non-drug offense, violates equal protection guarantees of the law. Because this constitutional attack is being raised for the first time on appeal, it will not be considered by this Court. *See Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981).

The judgment and sentence is MODIFIED to forty-five years' imprisonment and otherwise AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.