Stewart A. WILLIAMS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–701.

Court of Criminal Appeals of Oklahoma.

July 1, 1986.

Richard Alley, Fort Worth, Tex., for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Stewart A. Williams, was tried by jury for the crime of Burglary in the First Degree, Forcible Sodomy (Oral), Rape in the First Degree, and Attempted Forcible Sodomy (Anal), in the District Court of Comanche County, Case No. CRF–84–99. The jury returned verdicts of guilty and set punishment at twenty (20), ten (10), seventy-five (75), and five (5) years imprisonment, respectively. Judgment and sentence was entered in accordance with the jury's verdict, and the sentences were ordered to be served consecutively. We affirm.

In the late evening hours of February 24, 1984, V.G., an 85–year-old Lawton resident, was raped in her home by a young black male. V.G. testified she was awakened when she heard someone at the front door. She went to the door, looked outside, but could not see anyone. As she started back into her bedroom, V.G. heard a loud noise, and was startled to hear a man's voice inside her home. She ran out the front door, but was caught by the intruder and dragged back into the house. Once inside, the intruder twice raped her, forced her to commit an act of oral copulation, and attempted to anally sodomize her. After these forced sexual acts, V.G. hit upon a scheme to escape. She offered her attacker something to eat in the hope he would be distracted. While the man ate, V.G. quietly left the house, and drove to the police station, which was only seven or eight blocks away. When police arrived at the scene, they found the appellant inside V.G.'s home. They also discovered that forcible entry had been made through a bedroom window. At trial, V.G. was unable to positively identify the appellant as her attacker.

Appellant claimed he met two women at the Chat and Chew Club in Lawton. He

later went with one of the women to V.G.'s home, and had sex with her. Later the woman cooked him breakfast. The appellant testified that the next thing he knew, the police came into the home and arrested him. He claimed the woman he was with that night was, at most, forty-seven years old, and was not V.G. He admitted entering the bedroom window, but claimed it was with the woman's consent.

## I.

◼ In his first assignment of error, the appellant maintains the evidence was insufficient to support the convictions, as V.G. never positively identified him as the person who forcibly raped and sodomized her on the evening in question. We disagree.

The appropriate standard for reviewing the sufficiency of the evidence is whether a reasonably minded jury could conclude that the evidence is inconsistent with any reasonable hypothesis other than the defendant's innocence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 61 L.Ed.2d 560 (1979); *Smith v. State*, 695 P.2d 1360, 1362 (Okl.Cr.1985). In making this assessment, we will view the evidence in the light most favorable to the State. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Furthermore, we will accept all reasonable inferences and credibility choices that tend to support the jury's verdict.

◼ V.G. testified in a credible manner that she was raped and sodomized by a young black male at her home. Evidence corroborating her testimony was introduced, including evidence of a break-in and injuries to her body. When police went into the residence, they discovered the appellant, a young black male, inside. He expressed little surprise at being arrested, according to police. Furthermore, appellant presented a nonsensical story explaining his presence in V.G.'s home. The evidence was amply sufficient, under the above standard, to support the verdict. This assignment of error is without merit.

## II.

◼ Next, the appellant challenges an order of the preliminary hearing magistrate which compelled the appellant to be removed from a portion of his preliminary hearing. Appellant claims this action violated his right to confront the witnesses against him, in violation of the Sixth Amendment to the Federal Constitution. We disagree.

The Supreme Court has stated that "the privilege [of personally confronting witnesses] may be lost by consent or at times even by misconduct." *Illinois v. Allen*, 397 U.S. 337, 342, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970), quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). The Court explained, "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id* at 343, 90 S.Ct. at 1060–61. *Accord Peters v. State*, 516 P.2d 1372 (Okl. Cr.1973).

In this case, at a hearing held to consider this issue, the magistrate testified that the appellant,

[t]hroughtout the hearing, * * * appeared to me to make facial expressions to either myself or the witnesses, uttering sounds—inaudible sounds in response to answers they gave on the witness stand, and finally, they got to the point where they were audible or I could understand what he said, I believe. And I called him down for it, told him to keep his mouth shut or I was going to remove him from the courtroom, and he began to argue with me and I had him removed from the courtroom.

It appeared to me that the witnesses were—they could see him; of course I don't know what they were thinking; but appeared to me they could see him, could

see the faces he was making and hear the noises he was making. Appeared to me that they possibly could be interrupted in what they were trying to tell me. But again, more importantly, it affected my concentration on what they were saying, which in my opinion is—one—one hundred percent of my concentration should be on what the witnesses are saying.

We cannot say the magistrate erred in ordering the appellant removed during preliminary hearing, under these circumstances. This assignment of error is without merit.

### III.

■ Appellant next complains the trial court erred in failing to require the State to elect which rape it would rely upon for a conviction, and that the trial court failed to make the election in its instructions to the jury. The evidence in this case reveals that appellant twice achieved penetration of V.G.'s vagina with his penis during the assault, though he was charged with just one count of rape.

We dealt with this precise issue in *Scott v. State*, 668 P.2d 339, 342–43 (Okl.Cr. 1983), in which Judge Brett wrote, for a unanimous court, as follows:

The appellant then contends that the State charged him with only one count of rape while the victim testified that he raped her twice during the two hour period on May 7, 1980. Relying on *Cody v. State*, 361 P.2d 307 (Okl.Cr.1961), the appellant argues that the failure of the State to elect which act of rape it would rely on to prove guilt violated his right to a unanimous verdict as provided in Article 2, Section 19 of the Oklahoma Constitution.

In *Cody*, this Court held that the rape was not a continuous offense and a conviction must be based on one act. However, that case is distinguishable from the instant case. The victim's testimony, in *Cody*, varied as to whether one or two acts occurred while the victim's testimo-

ny in the instant case remained unchanged.

The appellant also relies on the statements in *McManus v. State*, 50 Okl.Cr. 354, 297 P. 830 (1931), that the trial court has the duty to require an election between the offences. However, this Court provided an exception that, if the separate acts were treated as one transaction, the aforementioned rule did not apply. Some situations which fall within the exception are when a continuous application of force is used and no reasonable doubt exists as to the occurrence of each act. In the instant case, the victim's testimony left no reasonable doubt as to the occurrence of both acts. Therefore, this assignment of error is without merit.

The *Scott* case appears dispositive of this issue, as the facts therein are indistinguishable from the facts in the instant case, as they relate to this issue. This assignment of error is without merit.

### IV.

■ Finally, we address appellant's claim of double jeopardy. Appellant contends all of the sexual acts charged arose from a single transaction, and, therefore, the separate acts should each be treated as a single offense. We addressed, and rejected, this identical contention in *Clark v. State*, 678 P.2d 1191 (Okl.Cr.1984). In as much as that case is controlling, we find this assignment of error to be without merit.

The judgment and sentence of the District Court is AFFIRMED.

BRETT, Judge, specially concurring:

I concur in this opinion but I point out that this Court adopted a new test for challenging the sufficiency of the evidence in *Spuehler v. State*, 709 P.2d 202 (1985), which requires a reviewing court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."