**Clayton W. DRAKE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–449.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1988.

Rehearing Denied Oct. 11, 1988.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Clayton W. Drake, was convicted in the District Court of Tulsa County Case No. CRF-84-3588 of the crimes of Rape in The First Degree, in violation of 21 O.S.1984 Supp., § 1114, and Lewd Molestation of a Child Under 16, in violation of 21 O.S.1983 Supp., § 1123. He was sentenced to ten (10) years' imprisonment on the Rape charge and five (5) years' imprisonment on the Lewd Molestation charge, the sentences to run consecutively, and he appeals.

At approximately 4:00 p.m. on September 20, 1984, Connie Melton arrived home with her children to find the neighbor girl, seven-year-old T.M. waiting for her, asking if she could come inside to watch cartoons on television. While the children were watching television T.M. revealed to Mrs. Melton that she did not like her step-father because he did "nasty stuff"; things "what grownups do to have babies".

Mrs. Melton then took the little girl into another room and had her explain further what the child had meant. After hearing all of T.M.'s story, Mrs. Melton called a doctor, the local child abuse organization, and the police. When the police arrived, T.M. repeated her story, was taken into protective custody, and placed in a foster home. The appellant was then arrested.

At trial, T.M. told the jury about a pattern of molestations, rapes, and threats by the appellant which spanned three years. She was able to describe these acts in graphic detail. Her testimony was such that the jury could reasonably conclude that T.M.'s account could only have come from personal experience. Additional testimony showed that T.M.'s mother had been made aware of her husband's advances toward the little girl for quite some time, but chose not to believe her daughter's story. Medical testimony was offered which tended to corroborate T.M.'s testimony.

The appellant testified on his own behalf. He was joined by T.M.'s mother and various character witnesses. The appellant denied committing the various acts, while his wife, T.M.'s mother, persisted in her belief that T.M. had been, and was, lying in her accusations.

■ As the first of eight propositions of error, the appellant argues that the trial court committed reversible error in failing to instruct the jury to consider only those acts of Rape and Molestation which occurred on September 14, 1984, the date of the incident(s) recited in the information. The appellant suggests that without this limiting instruction, the jury improperly considered all of the acts T.M. testified about when they found the appellant guilty. The appellant argues that this amounted to a conviction of crimes other than those with which he was charged, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, citing *Louis v. State,* 222 P.2d 160 (Okl.Cr.1950).

*Huddleston v. State,* 695 P.2d 8 (Okl.Cr. 1985) is directly on point with the facts of this case and provides the applicable rule. In that case, we held that "when a child of tender years is under the exclusive domination of one parent for a definite period of time and submits to sexual acts at that parent's demand, the separate acts of

abuse become one transaction within the meaning of the rule [requiring election of offenses for conviction], . . . ." Id. at 10–11. Also, the appellant was adequately forewarned of the State's intent to offer the evidence of the appellant's three-year pattern of advances through its timely filing of a Burks notice. *See Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). From this record it is abundantly clear that the jury's verdict was based on a concurrence of one continuing criminal transaction, which the appellant can "plead in bar as to any subsequent prosecution for the offense on which he was actually convicted." *See e.g., Dugan v. State,* 360 P.2d 833, 834 (Okl.Cr. 1961). This first assignment is without merit.

The appellant's second assignment of error is that the trial court committed reversible error in failing to include separate "not guilty" verdict forms with the instructions given to the jury. Separate guilty forms were provided for each count. The appellant concludes from this that the jury was therefore required to find the appellant not guilty of both offenses, or guilty of one or both.

■ We agree with the appellant that the better practice would be to provide separate "Not Guilty" verdict forms for each crime charged. We disagree, however, that this omission rises to the level of fundamental error found in the cases where no form whatsoever was provided. *See e.g., Dyke v. State,* 716 P.2d 693 (Okl. Cr.1986). In light of the fact that the jury was properly and specifically instructed that a verdict on each charge must be reached separately as to each element of each crime, and that a "Not Guilty" form *was* provided, this assignment is harmless error at best.

■ The third and fourth assignments of error that are raised can be summarized by one conclusory proposition: Because the testimony of the victim, T.M., was inconsistent, the trial court erred in failing to instruct the jury to disregard her testimony unless there was corroboration. These conclusions are not, however, supported by the record and have no merit.

We first note that there is ample corroboration to the young girl's testimony. Medical testimony was offered that, if believed by the jury, tended to prove that an act of rape was committed on the day in question. The testimony of the girl's grandmother also corroborates T.M.'s account as does, to a limited extent, the mother's testimony.

Nor can it be plausibly argued that young T.M. was an accomplice to these acts whose testimony needs corroboration. *See Glaze v. State,* 565 P.2d 710 (Okl.Cr.1977). The record does not support a conclusion that T.M.'s account is too inherently improbable to support a conviction or that her testimony is so unsatisfactory or thoroughly impeached to warrant reversal. *See Gamble v. State,* 576 P.2d 1184, 1186 (Okl. Cr.1978); *Costilla v. State,* 609 P.2d 788 (Okl.Cr.1980); O.U.J.I.–CR. 841. Accordingly, appellant's third and fourth assignments are without merit.

Next, the appellant argues that he was deprived of a fair trial because of prejudicial influences in the forms of improper evidence, examination of witnesses and commentary by the prosecution. We will address only as much of the testimony and commentary complained of that was properly preserved for appeal by timely objection.

The first of the alleged improper testimony complained of is that of T.M.'s examining physician. As authority for his argument, the appellant cites an early Oklahoma case that is both limited to the circumstances of the particular case as well as predating our current evidence code. *See Coppage v. State,* 137 P.2d 797, 807 (Okl.Cr.1943).

■ Our review of this testimony convinces us that the doctor's testimony was properly admissible under 12 O.S.1981, § 2803(4), as statements made by the declarant for purposes of medical treatment. Also, the State made its intent to use the complained of testimony known pursuant to 12 O.S.1984 Supp., § 2803.1. An in-camera hearing was held, as required by statute, at which time the trial court concluded that the testimony was properly admissible.

The admissibility of such evidence is discretionary with the trial court and is not cause for reversal unless there is a showing that the appellant's fundamental rights have been violated. *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983); *See also Constabile v. State*, 513 P.2d 588 (Okl.Cr.1973).

Likewise, the appellant's complaints of alleged "other prejudicial influences" are lacking in merit. Many of these alleged "influences" were not objected to at trial and have been waived for review. *See Pekah v. State*, 660 P.2d 652 (Okl.Cr.1983). The other alleged prejudicial comments and questions were well within the scope of proper cross-examination, *see Wacoche v. State*, 644 P.2d 568 (Okl.Cr.1982), or were items of information properly not relied upon by the prosecution. *See Holland v. State*, 676 P.2d 861 (Okl.Cr.1984).

■ The appellant's sixth proposition of error is that the trial court committed reversible error in failing to instruct the jury that it could not use T.M.'s statements to Mrs. Melton as substantive evidence of guilt, but rather, only for impeachment purposes. Our research of the applicable portions of the evidence code, 12 O.S.1981, § 2101 et seq., does not reveal the existence of such a rule. Nor does the appellant cite any authority where such a rule has been formulated.

The hearsay testimony at issue consists of the statements made by T.M. to both Mrs. Melton and the investigating officer. An in-camera hearing was held, as discussed earlier in this opinion, pursuant to 12 O.S.1984 Supp., § 2803.1, at which time Mrs. Melton's proposed testimony was heard. While the investigating officer did not also testify in-camera, the court had been made aware that his testimony would be essentially identical to that of Mrs. Melton. The officer's testimony was, therefore, cumulative on those points; admission of this testimony is harmless, *Constabile v. State, supra*, once the court determined that the admissibility of Mrs. Melton's rendition of T.M.'s account was within the applicable statute, § 2803.1.

This provision has not previously been interpreted by this Court. Support for our conclusion exists, however, in a recent case from the Oklahoma Supreme Court which held that admitting such statements was not error in an action to have a child declared deprived. *See Matter of W.D.*, 709 P.2d 1037 (Okl.Cr.1985). We therefore hold that out-of-court statements of a child under twelve (12) years of age are admissible as substantive proof of the guilt of the accused when the trial court determines that the criteria of reliability and the procedural guidelines of 12 O.S.1984 Supp., § 2803.1 have been met. This was properly done in this case; appellant's sixth proposition of error is, therefore, without merit.

■ As his seventh proposition of error, the appellant argues that his conviction for Lewd Molestation must be reversed because the jury instruction on this charge was overbroad, allowing a conviction based on uncharged conduct. We note that no objection to this instruction was made at the trial court level, nor was an alternative instruction offered. *See Jetton v. State*, 632 P.2d 432, 435 (Okl.Cr.1981). Counsel for the defense specifically stated that he had no objection to the instructions. Accordingly, this assignment is without merit. *See* also *Aumiller v. State*, 720 P.2d 347 (Okl.Cr.1986); *Hines v. State*, 684 P.2d 1202 (Okl.Cr.1984).

■ Finally, the appellant states that his conviction for Lewd Molestation should be vacated "because the evidence showed only one continuous act of Rape." Apparently, the appellant is suggesting that the various acts of molestation and rape he forced his step-daughter to submit to constitute a single Rape transaction. This identical assignment was rejected in *Clark v. State*, 678 P.2d 1191 (Okl.Cr.1984) and again in *Williams v. State*, 721 P.2d 1318 (Okl.Cr. 1986). We reaffirm the rule from those cases here. There is evidence in the record, that if believed by the jury, supports the conclusion that this appellant forced his seven-year-old step-daughter to submit to both acts of Rape and to his fondling of her body in a statutorily prohibited manner. Based on the record and the above authorities, we must conclude that this last assignment is frivolous and totally

lacking in merit. Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I wish to elaborate on appellant's second assignment, wherein he contends the trial court committed reversible error in failing to provide a separate "not guilty" verdict form to the jury for each offense charged, forcing the jury to either convict or acquit on both counts, thereby precluding the jury from finding appellant not guilty of one charge but guilty of the other. The majority states that while the better practice is to provide separate "not guilty" verdict forms for each crime charged, appellant's claim "is harmless error at best."

Clearly, the failure to submit a "not guilty" verdict form to the jury would constitute fundamental reversible error. *Dyke v. State*, 716 P.2d 693, 698 (Okla.Crim.App. 1986). I am convinced that an accused is entitled to separate verdict forms for every legal conclusion that can be anticipated, and a trial court's failure to comply therewith may constitute reversible error. *See Kramer v. State*, 97 Okl.Cr. 36, 257 P.2d 521, 523-24 (1953). Here, while the trial court did submit a "not guilty" verdict form, it did not specify either of the two charges for which appellant was being tried. While the trial court should furnish separate verdict forms for every legal conclusion that can be anticipated, it is not reversible error to furnish the jury with a blank verdict form to be filled out by the jury. *See Stuart v. State*, 522 P.2d 288, 296 (Okla.Crim.App.1974). The trial court's instructions in this case required the jury to consider each charge separately, and not to find appellant guilty of either offense unless the jurors found the elements of each offense, as defined in the instructions, beyond a reasonable doubt. (O.R. 47, 50) Had the jury chosen to acquit appellant on one or both of the charges, the foreman could easily have filled in the blank "not guilty" verdict form with the applicable charge(s). Based on the fore-

going, I concur in the affirmance of appellant's convictions.