Benny Junior SPENCER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–464.

Court of Criminal Appeals of Oklahoma.

July 20, 1990.

Bill Heskett, John Heskett, Pawhuska, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma, Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Benny Junior Spencer, appellant, was convicted by jury for the crimes of First Degree Rape, in violation of 21 O.S.Supp. 1986, § 1114; Sodomy, in violation of 21 O.S.1981, § 886; Lewd Molestation, in violation of 21 O.S.Supp.1985, § 1123; and Indecent Exposure, in violation of 21 O.S. 1981, § 1021, in Case No. CRF–87–1081 in the District Court of Tulsa County. Appellant was represented by counsel. The jury set punishment at two hundred (200) years imprisonment for First Degree Rape, twenty (20) years imprisonment for Sodomy, ten (10) years imprisonment for Lewd Molestation, and ten (10) years imprisonment for Indecent Exposure. The trial court sentenced appellant accordingly and ordered the sentences to run consecutively. From this Judgement and Sentence, appellant appeals.

Briefly stated, six-year-old M.C. and her five-year-old sister, B.C., lived in Tulsa, Oklahoma, with their mother, Mary Collier, a co-defendant in CRF–87–1081, and appellant. The children revealed to their grandmother that appellant and Mary Collier had sexually abused them. Both girls testified at trial concerning the abuse. Dr. Robert Block testified that, based upon his examinations, it was his opinion that both girls had been sexually molested. Appellant testified at trial and denied that he had ever molested the children.

■ During rebuttal, the State called Amy Ward, a Department of Human Services social worker, who testified as to what the young girls had told her concerning the molestations. Defense counsel objected to Ms. Ward's testimony, claiming that it was hearsay and that he had not received any notice of her testimony as required by statute. His objections were overruled. On appeal, appellant contends that the trial court failed to conduct a hearing to determine the reliability of Ms. Ward's statements, as required by 12 O.S. Supp.1984, § 2803.1.

Section 2803.1 directs the trial court to conduct a hearing outside the presence of the jury to determine the reliability of a statement. The State concedes that a hearing was not conducted. It further directs that a statement may not be admitted unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at least ten (10) days in advance of the proceedings to provide the adverse party with an opportunity to prepare to answer the statement. The State also concedes that no notice was given.

The State argues however, that this evidence was presented in rebuttal which takes it outside Section 2803.1, instead being a matter addressed to the sound discretion of the trial court. We agree. In *Drake v. State*, 761 P.2d 879, 883 (Okl.Cr. 1988), we held that out-of-court statements of a child under twelve (12) years of age are admissible as substantive proof of guilt of the accused when the trial court determines that the criteria of reliability and the procedural guidelines of Section 2803.1 have been met. Here, the testimony of Ms. Ward was not offered as substantive proof of appellant's guilt. Rather, it was offered to rebut appellant's claim that the children's stories had been very inconsistent.

■ Section 2803.1 is quite clear in that it does require not only the evidentiary hearing to be conducted by the court outside the presence of the jury but also requires a ten day notice in advance of use of the statement. It is clear, therefore, that unless the testimony of anyone is proper as rebuttal, any statements that the children may have made could not be introduced through her. This Court has held that rebuttal testimony is permitted to explain, repel, disprove, counteract or contradict facts or evidence given by the adverse party regardless of whether such evidence might have been introduced in the State's case-in-chief or whether it is somewhat cumulative. *Wooldridge v. State*, 659 P.2d 943 (Okl.Cr.1983); *White v. State*, 607 P.2d 713 (Okl.Cr.1980). In this case, the mother

of the children testified that there had been no sexual activity performed on the children (TR. 312) nor did the children see her have sex with her husband (TR. 315) nor did the children ever see her husband without clothes (TR. 315). The defendant, Benny Junior Spencer, testified that the children did not see he and his wife have sex (TR. 333) or see him without clothes (TR. 334) nor did he have sex with B.C. or M.C. nor feel the body of M.C. (TR. 336). Amy Ward's rebuttal specifically to these items indicating that the children did, in fact, tell her the opposite of these statements can be found at pages 359 and 360 of the transcript. Therefore, it was proper rebuttal.

■ The Supreme Court of the State of Oklahoma has held that the notice requirement set forth under 12 O.S.Supp.1984 § 2803.1 is to "provide the adverse party with an opportunity to prepare to answer the statement". *Matter of W.D.*, 709 P.2d 1037 (Okl.1985). Notice, however, is not required in this case because the appellant denied having sexual activity with the children; therefore, this was proper rebuttal especially when you consider the fact that the evidence was introduced to show that their prior statements to Amy Ward were totally consistent with the proof at the trial.

■ Appellant next complains that the trial court abused its discretion in allowing Dr. Brown to testify in rebuttal. Appellant claims that the evidence was merely a rehash of the State's case-in-chief. We disagree. Dr. Brown's testimony was offered to rebut Mary Collier's claim that the scars on M.C.'s hymen could be the result of a bicycle accident. The admission of testimony in rebuttal is a matter within the sound discretion of the trial court and will not be grounds for reversal absent an abuse thereof. *Salyers v. State*, 755 P.2d 97, 102 (Okl.Cr.1988). We find no abuse of discretion in permitting this rebuttal testimony.

■ In his next assignment of error, appellant asserts that his convictions are in violation of the Double Jeopardy Clause because the State could not separate the offenses in its evidence. We find this assignment of error to be without merit.

Our review of the record reveals that each offense was proven separately from the other.

■ Appellant was arrested in late March of 1987 and put on trial on October 20, 1987. Appellant contends that he was denied his right to a speedy trial. While this Court normally considers a balancing test in evaluating a denial of speedy trial claim, *see Cooper v. State*, 671 P.2d 1168, 1175 (Okl.Cr.1983), suffice it to say that this Court does not consider a six month interval between arrest and trial to be an unreasonable delay. This assignment of error is totally meritless.

■ Appellant next challenges the verdict forms used by the trial court, which he claims did not allow the jury to entertain a reasonable doubt standard. Appellant concedes that the verdict forms were prepared pursuant to 22 O.S.1981, § 914, and that the jury was properly instructed on the requisite burden of proof. A review of the record also reveals that no objection was entered to the verdict forms at trial. Thus, any error has been waived. *Hammonds v. State*, 739 P.2d 525, 527 (Okl.Cr.1987). While appellant's argument is novel, it is also without merit.

■ Finally, appellant contends that his sentence is excessive. However, the sentence is within statutory limits and we cannot say that it shocks our conscience. *Whittmore v. State*, 742 P.2d 1154, 1158 (Okl.Cr.1987).

Finding no error warranting modification or reversal, the Judgments and Sentences are AFFIRMED.

LANE, V.P.J., and LUMPKIN, J., concur.

PARKS, P.J., and BRETT, J., concur in result.

PARKS, Presiding Judge, concurring in results:

It requires no great triumph in legal reasoning to recognize that 12 O.S.Supp. 1984 § 2803.1, was designed to be another exception to the hearsay rule. Therefore, a

relevant inquiry should begin with determining whether the testimony of Dr. Brown and Amy Ward was admitted to prove the truth of the matter asserted, or for some other purpose. If the testimony was to prove consistency and/or rebut a claim of inconsistent stories the inquiry is over. If the declarant testifies at trial and is subject to cross examination concerning the statement, and the statement is consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or motive, then the statement is not hearsay and no notice or other faithfulness to the requirements of 12 O.S.Supp.1984 § 2803.1 is necessary. 12 O.S.1981 § 2801(4)(a)(2).

The disputed testimony in this case did not fall within the definition of hearsay because it was not offered in evidence to prove the truth of the matter asserted. *See Brown v. State*, 762 P.2d 959, 961 (Okl.Cr.1988). The trial judge made it clear that the testimony of Amy Ward was admitted to show the consistency of the victims statements. (Tr. 377). Further, the trial judge admitted the testimony of Dr. Brown to rebut the claim by the defense that the physical damage to one of the victims was the result of a bicycle accident. (Tr. 356).

Insofar as the majority opinion does not conflict with these findings I concur in the opinion. However, I do not agree that the testimony of *anyone* may be received in rebuttal regardless of whether it may be hearsay or not. If the testimony of Dr. Brown or Amy Ward had been admitted as an exception to the hearsay rule under 12 O.S.Supp.1984 § 2803.1, then the guidelines established by the statute would have to be followed regardless of whether it was labeled as rebuttal testimony.