**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALFORD LAMONT WEST,

Petitioner-Appellant,

v.

GARY L. GIBSON; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 98-7151
(D.C. No. 95-CV-178-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined

oral argument would not materially assist the determination of this appeal. See

Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered

submitted without oral argument.

Petitioner Alford Lamont West, a state prisoner appearing pro se, seeks a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of probable cause to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] We grant West a certificate of probable cause, exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part, reverse in part, and remand for further proceedings.

West was charged in state court with one count of assault and battery with intent to kill after former conviction and one count of robbery by force after former conviction. According to West, the trial court granted his motion for a psychiatric examination and, following that examination, transferred him to a state hospital for treatment. West alleges he was given psychiatric medication and transferred back to the county jail for further criminal proceedings. On May 2, 1991, West entered guilty pleas to both counts and was sentenced to two concurrent thirty-year terms of imprisonment. He did not attempt to withdraw his guilty pleas, as required by Oklahoma law to appeal from a guilty plea.[2]

---

[1] We construe West's request for a certificate of appealability as an application for a certificate of probable cause. West filed his habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA) and is subject to the pre-AEDPA requirement that he obtain a certificate of probable cause by making a substantial showing of the denial of a federal right, see Barefoot v. Estelle, 463 U.S. 880, 893 (1983), the same showing required for a certificate of appealability, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), overruled on other grounds, United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

[2] Under Oklahoma law, an appeal from a guilty plea must commence with the filing of a motion to withdraw the plea within ten days of judgment. Okla. R. Crim. App. 4.2(A). If the motion is denied, it may be appealed within ninety days

(continued...)

West filed an application for post-conviction relief on January 5, 1994, asserting (1) he should be allowed to withdraw his guilty pleas or, alternatively, to file an appeal out of time; (2) his guilty pleas were not entered freely, voluntarily, knowingly, and intelligently; (3) the trial court failed to determine West was competent at the time he entered his guilty pleas; (4) ineffective assistance of counsel; (5) the trial court did not determine a factual basis for the acceptance of his guilty pleas; and (6) the trial court violated his due process rights by sentencing him to more time on the assault and battery charge than was authorized by statute. The trial court denied the application and West appealed to the Oklahoma Court of Criminal Appeals. The appeal was dismissed on July 18, 1994, for failure to file a timely appeal.

West filed his habeas petition on April 18, 1995, asserting (1) the trial court failed to determine he was competent at the time he entered his guilty pleas; (2) ineffective assistance of trial counsel; and (3) the trial court violated his constitutional rights by sentencing him on the assault and battery count to more time than authorized by statute.

While this habeas action was pending, the Supreme Court issued its opinion

---

²(...continued)
of judgment by writ of certiorari to the Oklahoma Court of Criminal Appeals. Okla. Stat. tit. 22, § 1051(a) (1986). Post-conviction relief is not available to a defendant who has failed to perfect a timely direct appeal unless he shows "sufficient reason" why the claim was not asserted. Id. § 1086.

in Cooper v. Oklahoma, 517 U.S. 348 (1996), and declared unconstitutional Oklahoma's requirement that criminal defendants prove their incompetency by clear and convincing evidence. Based on this decision, West filed a second application for post-conviction relief in state court, which was denied. On appeal, the Oklahoma Court of Criminal Appeals affirmed the denial, holding Cooper was not "an intervening change in the law and the issues therein were available to Petitioner at the time he could have taken a direct appeal." Record, Doc. 32, exh. A at 2.

West moved to amend his federal habeas petition to include his exhausted Cooper claim. The district court granted the motion and West filed his amended petition on February 23, 1998, asserting (1) the trial court applied an unconstitutional standard of proof for incompetency (Cooper claim); (2) he should be allowed to withdraw his guilty pleas or, alternatively, to file a direct appeal out of time; (3) his guilty pleas were not entered freely, voluntarily, knowingly, and intelligently; and (4) the trial court violated his constitutional rights by failing to determine the factual basis for the acceptance of his guilty pleas. The district court dismissed the amended petition on October 5, 1998, on the grounds that all four claims were "procedurally barred from habeas corpus review." Record, Doc. 44 at 5. More specifically, the court concluded all of the claims had been rejected in state court on state procedural grounds and West had not demonstrated cause

-4-

and prejudice for the default or a fundamental miscarriage of justice sufficient to allow federal habeas review.

Because West initiated his habeas proceeding prior to enactment of the AEDPA, we apply pre-AEDPA standards of review.      See Jackson v. Shanks  , 143 F.3d 1313, 1317 (10th Cir.),    cert. denied  , 119 S. Ct. 378 (1998).  Under those standards, we may grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution of the United States.  Id.  In reviewing the district court's dismissal of West's petition, our scope of review is de novo.    See id.  However, we must give deference to the state court's construction of state law, and we review the state court's factual findings only for clear error.    Id.

It is uncontroverted that the Oklahoma Court of Criminal Appeals did not address the merits of any claims West raised in his habeas petition.  Therefore, we must determine if those claims are now procedurally barred for purposes of federal habeas review.

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

Coleman v. Thompson   , 501 U.S. 722, 750 (1991).

With respect to claims reasserted in his federal habeas petition which he initially asserted in his first application for state post-conviction relief (i.e., that he should be allowed to withdraw his guilty pleas or file a direct appeal out of time; that his guilty pleas were not entered freely, voluntarily, knowingly, and intelligently; and that the trial court failed to determine a factual basis for his guilty pleas), we conclude those claims are procedurally barred. As noted, the Oklahoma Court of Criminal Appeals rejected those claims because West's appeal from the trial court's denial of his first application for post-conviction relief was untimely filed. West has not asserted, and we have no reason to conclude, this procedural rule is not "strictly or regularly followed." Hathorn v. Lovorn, 457 U.S. 255, 263 (1982). Indeed, we have held Oklahoma strictly and regularly applies its procedural bar to issues not timely appealed. See, e.g., Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995); Brecheen v. Reynolds, 41 F.3d 1343, 1349 n.4 (10th Cir. 1994); Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). Moreover, we have held claims raised for the first time in state post-conviction proceedings are procedurally defaulted if the petitioner fails to obtain timely appellate review of the state trial court's decision. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993).

We also agree that West has failed to demonstrate either cause and prejudice or a fundamental miscarriage of justice which is sufficient to allow us

to reach the merits of claims asserted in his first application for post-conviction relief. Although West alleges his procedural default was caused by a delay between issuance of the order of denial and his receipt of the order, the record on appeal indicates those assertions were specifically considered and rejected by the Oklahoma Court of Criminal Appeals. We find no basis for overturning the court's findings on this procedural matter. Further, although West alleged he was factually innocent, he has not supported that allegation with evidence sufficient to undermine our confidence in the outcome of his criminal proceedings. See Schlup v. Delo, 513 U.S. 298, 316 (1995).

We reach a different conclusion with respect to West's claim that the trial court applied an unconstitutional standard of proof at his competency hearing (his Cooper claim). [3] As noted, the Oklahoma Court of Criminal Appeals refused to address this issue on the ground it could have been raised on direct appeal. The question for us is whether this constitutes an "independent and adequate state procedural" rule sufficient to bar federal habeas review of West's claim. Coleman, 501 U.S. at 750. Although there is little question the court's decision rests on an "independent" state procedural ground, we conclude it is not an "adequate" one under the circumstances of this case since it was not firmly

---

[3] We construe this as a procedural competency claim. See Barnett v. Hargett, 1999 WL 221513 at *8 (10th Cir. 1999). Such claims, unlike substantive competency claims, are subject to procedural bar. Id. at *7.

established and regularly followed at the time of West's purported default in 1991 (at the time he could have filed a direct appeal). See Barnett v. Hargett, 1999 WL 221513 at *5 (refusing to apply Oklahoma's procedural bar in non-capital habeas case where petitioner's direct appeal predated Cooper); Rogers v. Gibson, 1999 WL 203188 at *9 (10th Cir. 1999) (noting prior to 1995 amendments to Oklahoma's post-conviction procedure act, a state prisoner "would not have been procedurally barred from raising [a] Cooper claim, as an intervening change in the law, for the first time in his application for post-conviction relief"); Walker v. Attorney General for the State of Oklahoma, 167 F.3d 1339, 1344-45 (10th Cir. 1999). We reverse the district court's dismissal of this claim on procedural grounds and remand for consideration on the merits.

If, as alleged by West, the state trial court made its competency determination utilizing an incorrect standard of proof, its decision would "not [be] entitled to a presumption of correctness, and [would be] analogous to no competency hearing at all." Barnett, 1999 WL 221513 at *6. Further, West would be entitled to habeas relief if he "can establish a bona fide doubt as to his competency" at the time he entered his guilty plea. [4] Id.; see also Walker, 167

_____

[4] As the Supreme Court noted in Godin v. Moran, 509 U.S. 389, 396-99, 401 n.12 (1993), an incompetent defendant lacks the capacity to understand the proceedings against him, and is thus unable to make important decisions regarding his case, including the decision to waive his rights and enter a plea of

(continued...)

F.3d at 1345 (habeas relief appropriate if "state trial court ignored evidence that, viewed objectively, raised a bona fide doubt as to the petitioner's competency to stand trial"); Coleman v. Saffle, 912 F.2d 1217, 1226 (10th Cir. 1990) (federal habeas court must determine whether a reasonable judge, situated as was the trial judge whose failure to conduct a competency hearing is being reviewed, should have experienced doubt with respect to petitioner's competency to stand trial). "'[E]vidence of [West's] irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial [will] all [be] relevant' to the bona fide doubt inquiry." Walker, 167 F.3d at 1346 (quoting Drope v. Missouri, 420 U.S. 162, 180 (1975)).

West's request for a certificate of probable cause is GRANTED. His motion to proceed in forma pauperis on appeal is DENIED as moot. The district court granted permission to proceed in forma pauperis on appeal, and the filing fee has been paid in full. The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4](...continued)
guilty.