**Huey Don ODUM, Petitioner–Appellant,**

v.

**Bobby BOONE; Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 94–7184.

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1995.

328

Submitted on the brief.*

Huey Don Odum, pro se.

Alecia A. George, Asst. Atty. Gen., Oklahoma City, OK, for respondents-appellees.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Petitioner-appellant Huey Don Odum appeals the district court's order adopting the recommendation of the magistrate judge that his petition for a writ of habeas corpus be denied. We grant the motion for leave to proceed in forma pauperis, and we also grant a certificate of probable cause to appeal under 28 U.S.C. § 2253 to enable us to reach the merits. Finding no error, we affirm.

## BACKGROUND

Mr. Odum was convicted in Oklahoma District Court in 1979 of first degree murder. The jury subsequently sentenced him to death, finding one aggravating circumstance: that the murder was especially heinous, atrocious or cruel. On appeal, the Oklahoma

---

* After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Court of Criminal Appeals upheld his conviction, rejecting several of his assignments of error. *See Odum v. State*, 651 P.2d 703, 707 (Okla.Crim.App.1982). The only claim of error relevant to this proceeding was a claim the trial court erred in refusing to provide the jury with separate not guilty forms for first degree murder and the lesser included offense of first degree manslaughter. *Id.* at 704; *see also McCormick v. State*, 845 P.2d 896, 899 (Okla.Crim.App.1993) (noting first degree manslaughter is a lesser included offense of the crime of first degree murder). The court did conclude, however, that the evidence did not support the jury's finding that this aggravating circumstance existed, and accordingly, Mr. Odum's sentence was modified to life imprisonment. *See Odum*, 651 P.2d at 707.

Ten years after his direct appeal, Mr. Odum filed a petition for a writ of habeas corpus in federal court. The district court dismissed this petition due to the failure to exhaust state remedies. Mr. Odum did not appeal this ruling and filed a motion for post-conviction relief in Oklahoma state court in an effort to exhaust the unexhausted claims. In that motion, he raised two claims: (1) jury instruction 14 impermissibly shifted the burden of proof from the State to him; and (2) he was denied impeachment evidence and his right to present a defense. The Court of Criminal Appeals, however, refused to consider these two claims' ruling that as a matter of state law "all issues not raised in the direct appeal, which could have been raised, are waived." (*Id.*, ex. C pp. 1–2.) *See, e.g., Brecheen v. Reynolds*, 41 F.3d 1343, 1349 n. 4 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995) (discussing the rules governing postconviction motions in Oklahoma).

Having exhausted his state remedies, Mr. Odum then filed the present petition for a writ of habeas corpus in federal court. Although some of the claims overlap, we read Mr. Odum's petition as raising four distinct issues: (1) jury instruction 14 violated due

process by impermissibly shifting the burden of proof; (2) denial of impeachment evidence and the right to present a defense; (3) error in refusing to give the jury separate not guilty forms for each count; and (4) the district court's dismissal of the earlier federal petition was an abuse of discretion.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to a magistrate judge who issued a report and recommendation that the petition be denied. Specifically, the magistrate judge concluded: (1) jury instruction 14 did not unconstitutionally shift the burden of proof; (2) the claim regarding impeachment evidence was procedurally barred; (3) the jury received a proper not guilty form; and (4) the district court did not err in dismissing the earlier petition under the "total exhaustion" rule of *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). The district court adopted the recommendation, over Mr. Odum's objections, and this appeal ensued.

## DISCUSSION

All the issues presented in this appeal involve questions of law, and, accordingly, our review is *de novo*. *See Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir.1995).

### I.

Mr. Odum first argues jury instruction 14 is constitutionally infirm under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), because it impermissibly established a conclusive presumption. Initially, we note it does not appear that Mr. Odum presented this claim in his direct appeal to the Oklahoma Court of Criminal Appeals. Moreover, when Mr. Odum attempted to raise this claim in his post-conviction motion, the Court of Criminal Appeals ruled it was waived based on his failure to have asserted it on direct appeal. While this claim could therefore be procedurally barred, respondents have not raised this

---

1. Mr. Odum also asserts a claim of cumulative error; however, because we find no individual error, we find no cumulative error either. *See Brecheen*, 41 F.3d at 1370 n. 23 (" '[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect [of non-errors]' ") (quoting *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990)).

defense. While this does not preclude us from raising the defense *sua sponte, Hardiman v. Reynolds,* 971 F.2d 500, 505 (10th Cir.1992), we believe "the late stage of the proceedings," *Manlove v. Tansy,* 981 F.2d 473, 476 n. 4 (10th Cir.1992), the judicial inefficiencies attributable thereto, and the delay that would result from having to afford Mr. Odum an opportunity to respond to this defense, *Hardiman,* 971 F.2d at 505, warrant us deeming the defense waived and reaching the merits of this issue. *See id.* at 503 (failure to raise the procedural bar defense may result in a waiver). Thus, we turn to the merits.

■ It is settled law that "[i]n a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden." *Maes v. Thomas,* 46 F.3d 979, 984 (10th Cir.) (citing *Lujan v. Tansy,* 2 F.3d 1031, 1035 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1074, 127 L.Ed.2d 392 (1994)), *cert. denied,* —— U.S. ——, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995). A federal habeas court may only set aside a state conviction on the ground of an erroneous jury instruction "when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Maes,* 46 F.3d at 984; *see also Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

■ Jury instruction 14 instructed the jury that:

Should you find from the evidence, under the instructions and beyond a reasonable doubt that the defendant is guilty of the crime of Murder in the First Degree as charged in the Information and as defined in these instructions, then you shall find the defendant guilty as charged of the crime of Murder in the First Degree.

If you believe from the evidence and circumstances in this case that the defendant is not guilty of the crime of Murder in the First Degree as heretofore defined to you, or if you have a reasonable doubt thereof, then it will be necessary for you to consider whether or not the defendant is guilty of Manslaughter in the First Degree, as heretofore defined to you.

Should you find from the evidence, under the instructions and beyond a reasonable doubt that the defendant is guilty of the crime of Manslaughter in the First Degree, as defined in these instructions, then you shall find the defendant guilty of the lesser included offense of the crime of Manslaughter in the First Degree.

Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty but entertain a reasonable doubt as to which offense he is guilty of, you must resolve that doubt in the defendant's favor and you will then find him guilty of the lesser offense.

Should you find that the defendant is not guilty of the lesser included offense of Manslaughter in the First Degree, or should you have a reasonable doubt thereof, then, assuming you have previously determined that the defendant is not guilty of the crime of Murder in the First Degree, your verdict will be not guilty.

Because we find this instruction does not fall within the purview of *Sandstrom,* we reject this claim.

In *Sandstrom,* the Supreme Court held that in a case where intent was an element of the crime charged, a jury instruction stating "the law presumes that a person intends the ordinary consequences of his voluntary acts," violated due process because it relieved the prosecution of its burden of proving " 'beyond a reasonable doubt ... every fact necessary to constitute the crime' " in question. *Sandstrom,* 442 U.S. at 512, 519–21, 99 S.Ct. at 2453, 2456–58 (emphasis omitted) (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)). If the instruction was characterized as creating a conclusive presumption on the issue of intent, it was patently invalid under *Winship. Sandstrom,* 442 U.S. at 523, 99 S.Ct. at 2458–59. Even if the instruction was viewed as merely establishing a permissive inference (*i.e.,* a nonconclusive presumption that nonetheless "had the effect of shifting the burden of persuasion to the defendant," *id.* at 524, 99 S.Ct. at 2459), it was still invalid under *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881,

44 L.Ed.2d 508 (1975). *See Winship*, 397 U.S. at 363, 90 S.Ct. at 1072. In deciding whether a particular instruction is invalid under *Sandstrom*, the inquiry is "whether any 'reasonable juror could have given the presumption conclusive or persuasion-shifting effect.'" *United States v. Vreeken*, 803 F.2d 1085, 1092 (10th Cir.1986) (quoting *Sandstrom*, 442 U.S. at 519, 99 S.Ct. at 2456–57), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Because we conclude jury instruction 14 does not establish a presumption, let alone a "conclusive or persuasion-shifting" presumption, we reject this claim.

While the Oklahoma Court of Criminal Appeals was not presented with this precise issue, that court nonetheless characterized jury instruction 14 as simply an instruction "appris[ing] the jury of all contingent conclusions both favorable as well as unfavorable for the defendant." *Odum*, 651 P.2d at 704 (citation omitted). We agree with this reading of jury instruction 14. Nowhere in the instruction is the jury told it may "presume" the prosecution has proved an essential element of the crime charged without actual proof of that element. There is simply no language in this instruction permitting the jury to conclude an element of the crime has been either conclusively established or has been established unless the defendant proves otherwise. The instruction simply provides a road map for the jury in terms of what its verdict is to be based on what it finds to have been proven at trial beyond a reasonable doubt. While Mr. Odum might wish to debate the utility or the wisdom of giving such an instruction, this presents nothing more than an issue of state law, which we are powerless to review on habeas. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991); *accord Lujan*, 2 F.3d at 1036 (citing cases). For purposes of the present case, it is sufficient for us to conclude that no error of a constitutional dimension is presented by this instruction so as to warrant habeas relief.

## II.

■ Mr. Odum's second claim, regarding the alleged denial of impeachment evidence, was found to be procedurally barred because it was not presented on direct appeal. We agree. Mr. Odum did not raise this claim in his direct appeal, and although he attempted to raise it for the first time in his motion for post-conviction relief, the State asserted, and the Oklahoma Court of Criminal Appeals concluded, he had waived this claim under state law by failing to raise it on direct appeal. *See generally Steele v. Young*, 11 F.3d 1518, 1521–22 (10th Cir.1993). This determination by the Oklahoma Court of Criminal Appeals was clearly "independent" of federal law, and it is regularly invoked by that court so as to constitute an "adequate" ground. *See id.; see also Brecheen*, 41 F.3d at 1349 n. 4 (collecting Oklahoma cases demonstrating the regularity with which the failure to present a claim on direct appeal constitutes a waiver of that claim). Because Mr. Odum has not demonstrated either one of the two recognized exceptions to the procedural bar rule is applicable, we conclude this claim is procedurally barred.

## III.

Mr. Odum's third claim, regarding the "not guilty" verdict forms, was exhausted on direct appeal. On the merits, the district court rejected this claim. Once again, we agree.

In his direct appeal, Mr. Odum asserted the state trial court violated his right to due process by "refusing to provide the jury with *separate* not guilty verdict forms for murder in the first degree and the lesser included offense of manslaughter in the first degree." *Odum*, 651 P.2d at 704 (emphasis added). The Court of Criminal Appeals rejected this claim, stating "[t]he record discloses ... that the trial court gave the jury three verdict forms: Guilty of Murder in the First Degree; Guilty of Manslaughter in the First Degree; and Not Guilty." *Id.*

In his federal petition, Mr. Odum asserted the state trial court violated his right to due process by refusing to provide "a not guilty verdict form" to the jury. The magistrate judge concluded the Court of Criminal Appeals' factual finding that a "not guilty" verdict form was provided to the jury was entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *See Sumner v. Mata*, 449

U.S. 539, 550, 101 S.Ct. 764, 770–71, 66 L.Ed.2d 722 (1981). The magistrate judge also noted that the respondents attached to their brief a copy of the "not guilty" verdict form submitted to the jury, thereby providing further support for the Court of Criminal Appeals' finding.

■ To the extent Mr. Odum's due process argument is the state trial court failed to give any type of a "not guilty" verdict form to the jury, we agree with the magistrate judge's determination that there is no merit to this claim based on the record. But because Mr. Odum is proceeding *pro se,* a liberal construction of his petition, coupled with his argument in his direct appeal, lead us to believe he is attempting to assert a due process claim based on the trial court's failure to give the jury *separate* verdict forms for each count (*i.e.,* murder and manslaughter). In support of this claim, Mr. Odum relies on *Dyke v. State,* 716 P.2d 693 (Okla. Crim.App.1986).

In *Dyke,* the defendant was convicted in Oklahoma state court of robbery and unauthorized use of a motor vehicle. On appeal, he argued, *inter alia,* "the trial court committed fundamental error by failing to issue to the jury verdict forms of 'not guilty,' *on each count.*" *Id.* at 698 (emphasis added). The Court of Criminal Appeals rejected this claim, finding the jury had in fact received a "not guilty" verdict form for each count. *See id.* But in so doing, the court stated "[w]e agree with appellant that the failure to submit 'not guilty' verdict forms to the jury constitutes fundamental reversible error." *Id.*

Assuming, *arguendo,* the failure to provide a jury with any type of a "not guilty" verdict form constitutes a denial of due process, we nonetheless believe *Dyke* is distinguishable from the situation in this case. Mr. Dyke was charged with two entirely unrelated offenses, and therefore, a separate "not guilty" verdict form would be necessary for the jury to decide his guilt or innocence as to each count. In contrast, the two counts Mr. Odum was charged with were related: first degree murder and the lesser included offense of first degree manslaughter. Because Mr. Odum was charged with a lesser included offense, it follows that if the jury were to find him guilty of that lesser included offense of manslaughter, that finding of guilt necessarily implies a finding of not guilty on murder, the greater offense. Thus, the jury would need only one not guilty verdict form, in the event they found Mr. Odum not guilty of both murder and manslaughter. It is precisely because Mr. Odum was charged with related offenses, whereas Mr. Dyke was not, that we find *Dyke* distinguishable.

Because the jury was provided with a "not guilty" verdict form, and Mr. Odum was charged with two related offenses, we find no due process violation based on the submission of a single "not guilty" verdict form to the jury.

## IV.

■ Mr. Odum's fourth and final claim of error alleges the district court abused its discretion in dismissing his earlier federal petition. His argument, in essence, is the State waived the defense of nonexhaustion by failing to raise it in response to his petition and it was improper for the court to raise the issue *sua sponte.* In rejecting this claim, the magistrate judge noted "the Tenth Circuit Court of Appeals has held that the state court interest in the exhaustion principle is so important that it cannot be conceded or waived by state prosecutors. *Naranjo v. Ricketts,* 696 F.2d 83, 86–87 (10th Cir.1982) [ (per curiam) ]." Mr. Odum, however, did not appeal the order dismissing his earlier petition for failure to exhaust, and thus did not challenge the propriety of the district court's decision to raise the non-exhaustion issue *sua sponte.*[2] Instead, he complied with the district court's directive and filed a motion for post-conviction relief in the state court in an effort to exhaust the otherwise

2. We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion *sua sponte.* But we believe the magistrate judge's reliance on *Naranjo* for the related proposition that the defense of nonexhaustion cannot be waived—and therefore *must* be raised *sua sponte* if the State does not raise the defense—warrants a brief discussion. To be sure, this is a correct reading of *Naranjo;* however, the Supreme Court's subsequent decision in *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), effectively overruled that aspect of *Naranjo. See id.* at 130 n. 2, 107 S.Ct. at 1673 n. 2 (citing *Naranjo* as an example of the

unexhausted claims. As a result of these actions by Mr. Odum, all of the claims that were previously unexhausted have now been exhausted. Therefore, it is irrelevant whether dismissal of his first petition was correct; that issue is now moot because all of the previously unexhausted claims are now exhausted.

Accordingly, the district court's order dismissing Mr. Odum's petition is **AFFIRMED.**

circuit split over this issue that formed the basis for the grant of certiorari). In *Granberry* the Supreme Court held that under certain circumstances, "the court of appeals [may] hold that the nonexhaustion defense has been waived." *Id.* at 135, 107 S.Ct. at 1676. To the extent *Naranjo* held otherwise, it cannot be viewed as good law after *Granberry.*

The principle of intra-circuit *stare decisis,* which requires us to follow the decisions of prior panels of this court, *see In re Smith,* 10 F.3d 723, 724 (10th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994), is subject to an exception in cases where a subsequent, intervening Supreme Court decision on point is decided. *Id.* Based on the Supreme Court's citation to *Naranjo* in *Granberry,* we are convinced these two decisions are directly on point. While *Granberry* dealt with the power of the courts of appeals to raise the nonexhaustion defense *sua sponte,* we have recognized that its holding is not confined to the power of the courts of appeals and that it extends to the power of the district courts as well. *See Hardiman v. Reynolds,* 971 F.2d 500, 504 n. 6 (10th Cir.1992). Accordingly, given the divergent holdings of *Naranjo* and *Granberry,* we must treat *Granberry* as controlling, which we have done, albeit implicitly, in

several post-*Granberry* decisions. *See, e.g., Harris v. Champion,* 15 F.3d 1538, 1554 (10th Cir. 1994) ("The State may waive a prisoner's failure to exhaust by failing to raise the defense in federal district court."); *Hannon v. Maschner,* 981 F.2d 1142, 1146 (10th Cir.1992) ("When the respondents fail to assert an exhaustion argument before the district court, 'we may consider it waived if the interests of comity, federalism, and justice would be served.'") (citations and internal quotations omitted); *Smith v. Moffett,* 947 F.2d 442, 445 (10th Cir.1991) (discussing *Granberry*).

Thus, after *Granberry,* the defense of nonexhaustion may in fact be waived if the State fails to assert it, but a federal court may, but need not (in the sense of a jurisdictional issue) raise the defense *sua sponte. See Granberry,* 481 U.S. at 131, 135, 107 S.Ct. at 1673–74, 1675–76 (nonexhaustion defense is not a jurisdictional bar to review of the merits of a habeas petition and a court may, under certain circumstances, deem the defense waived if it is not raised by the State); *cf. Hardiman,* 971 F.2d at 504 ("We hold here only that a court *may* raise the state procedural bar defense sua sponte, not that it *must* raise such a defense if the parties fail to raise it on their own.") (emphasis in original).