UNITED STATES COURT OF APPEALS

**Filed 6/4/96**

FOR THE TENTH CIRCUIT

---

ULYSSESS ADAIR,

      Petitioner-Appellant,

v.

R. MICHAEL CODY, sued as Michael
Cody; ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 95-5133
(D.C. No. 94-C-257-B)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ulyssess Adair appeals from an order of the district court denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. We affirm.[1]

Mr. Adair pled guilty in state court to one count of first degree rape and was sentenced to life imprisonment. He did not take a direct appeal. Mr. Adair later sought state post-conviction relief asserting he had received ineffective assistance of counsel, his sentence had been impermissibly enhanced by a prior conviction that has since been dismissed causing his sentence to be excessive, and the trial court had failed to follow state rules. The Oklahoma Court of Criminal Appeals affirmed the district court's denial of relief on the grounds that Mr. Adair had not been denied effective assistance of counsel and had waived his right to have the other issues considered by not taking a direct appeal.

Mr. Adair then filed this federal habeas petition in which he alleged counsel was ineffective because counsel did not timely contact Mr. Adair to preserve his right to withdraw the plea or file an appeal, thus denying him meaningful access to the court. He also alleged counsel was ineffective because he failed to object to the sentence, did not move to disqualify the trial judge who should have recused because he was a former prosecutor, and had an unspecified conflict of interest. Mr. Adair further asserted he was denied due process by the

---

[1]     Mr. Adair was granted a certificate of probable cause by this court prior to the signing of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (April 24, 1996). Because this appeal was properly before the court on the merits prior to the signing date, we elect not to consider whether this appeal warrants a certificate of appealability. In any event, the question of the applicability of the Act is moot, since the disposition herein suggests Mr. Adair's petition is unsuccessful.

prosecutor's misconduct, his sentence was improperly enhanced by the prior nonexistent conviction and thus, was excessive, and the trial court lacked jurisdiction to accept the plea because it had violated state court rules. He also asserted counsel should have been appointed for the post-conviction proceedings and the state appeals court failed to conduct an adequate hearing on the lower court proceedings.

In reviewing the denial of a petitioner's habeas petition, we accept the district court's factual findings unless they are clearly erroneous, and we review the court's legal conclusions de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir. 1991). We construe a pro se litigant's pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal habeas relief is not available for errors of state law, Lewis v. Jeffers, 497 U.S. 764, 780 (1990); but rather provides a remedy for violations of the Constitution or laws of the United States, Estelle v. McGuire, 502 U.S. 62, 68 (1991). Thus, Mr. Adair's issues which do not assert federal constitutional or federal law violations cannot be addressed.

Mr. Adair may not obtain habeas review of his federal claims if the highest state court to consider them has held them to be barred on an adequate and independent state ground. Coleman v. Thompson, 501 U.S. 722, 749 (1991). We may review the claims if Mr. Adair can demonstrate cause for the default and actual prejudice, or that a fundamental miscarriage of justice will result by our failure to consider the claims. Id. at 748-50.

The Oklahoma Court of Criminal Appeals held that all of Mr. Adair claims, except his claim of ineffective assistance of counsel, were barred by his failure to take a direct

3

appeal. We have held that the Oklahoma Court of Criminal Appeals' determination that a claim has been waived because the petitioner failed to raise the issue on direct appeal is "clearly 'independent' of federal law, and it is regularly invoked by that court so as to constitute an 'adequate' ground." Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995). Thus, Mr. Adair's claims are barred. Further, because Mr. Adair "has not demonstrated either one of the two recognized exceptions to the procedural bar rule is applicable," id., we may not consider any of his barred claims.

Some of Mr. Adair's claims were not raised in the state court. Generally, we would dismiss his petition because it contains unexhausted claims. See 28 U.S.C. § 2254(b). However, dismissal of this petition to permit Mr. Adair to exhaust his state court remedies would be futile because the Oklahoma Court of Criminal Appeals would hold his claims procedurally barred. Thus, we deem Mr. Adair's new claims to be exhausted in any event. See Coleman, 501 U.S. at 732 ("habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him").

Mr. Adair claims counsel was ineffective because counsel did not contact him within ten days so he could either withdraw his plea or appeal in a timely manner. Mr. Adair does not allege he was not informed of his right to appeal or withdraw his guilty plea, or that his guilty plea was not voluntary and intelligent. Nor does Mr. Adair argue he affirmatively indicated his desire to appeal to counsel. Rather, Mr. Adair claims, in effect, that after he had

4

been advised of his right to appeal, counsel had an additional duty to contact him to inquire whether he would like to appeal. No such duty exists under either the constitution or federal law. Mr. Adair has failed to present a viable claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mr. Adair's citation to Hannon v. Maschner, 845 F.2d 1553 (10th Cir. 1988) is unavailing. In Hannon, the petitioner had indicated to counsel his desire to appeal and had been told counsel would file the appeal, id. at 1554, 1558, a situation not present here.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge