**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WALTER BANKS,

     Petitioner - Appellant,

v.

RONALD J. CHAMPION, sued as:
Ron Champion; ATTORNEY
GENERAL OF THE STATE OF OKL,

     Respondents - Appellees.

No. 98-5032
(D.C. No. 95-CV-1074-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **MAGILL**[**] and **LUCERO**, Circuit Judges.

     Walter Banks appeals the dismissal of his 28 U.S.C. § 2254 petition,
challenging his conviction for first degree murder. The district court dismissed
the petition without prejudice for failure to exhaust state remedies. We dismiss
Banks's appeal as moot.

**I**

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of
Appeals for the Eighth Circuit, sitting by designation.

On February 21, 1981, an Oklahoma state court jury convicted appellant Walter Banks and his older brother, Anthony Banks, of first degree murder. The court sentenced Anthony to death and Walter ("Banks") to life imprisonment. See Banks v. State, 728 P.2d 497, 499 (Okla. Crim. App. 1986). The conviction was affirmed on appeal. See id. at 503. In September 1994, Banks unsuccessfully sought state post-conviction relief, alleging that trial and appellate counsel rendered ineffective assistance and that the state failed to disclose exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963).[1]

Banks subsequently filed a petition with the Oklahoma Court of Criminal Appeals, challenging the trial court's denial of his application for post-conviction relief. According to prison logs, Banks mailed his petition on January 20, 1995, the filing deadline. The Oklahoma Court of Criminal Appeals dismissed the petition as untimely, however, because it considered February 16, 1995, the date the Clerk of Court received the filing fee and docketed the petition, to be the date the petition was filed.

---

[1]Banks's claims were based on the post-conviction history of his brother Anthony who, after unsuccessfully seeking state post-conviction relief, filed a habeas petition in federal district court claiming ineffective assistance of counsel and a Brady violation. The district court granted Anthony's petition and we affirmed, holding that the prosecution committed a Brady violation by failing to disclose evidence suggesting that the murder with which the brothers were charged was committed by others, and that Anthony received constitutionally ineffective assistance because counsel had failed to raise the Brady issue on direct appeal. See Banks v. Reynolds, 54 F.3d 1508 (10th Cir. 1995).

On October 26, 1995, Banks sought federal habeas relief, arguing that because he and his brother were subject to the same circumstances at trial, he was entitled to the same habeas relief his brother received based on his Brady violation and ineffective assistance of counsel claims. See supra n.1. The district court first sought to determine whether Banks had exhausted available state remedies as required by 28 U.S.C. § 2254(b) and (c), and found that although Banks had attempted to exhaust state remedies, the state appellate court had effectively imposed a procedural bar on his claims by dismissing his petition. Finding independent and adequate state grounds for application of the procedural bar rule against Banks, the district court then determined whether Banks had demonstrated cause and actual prejudice, pursuant to Coleman v. Thompson, 501 U.S. 722, 724 (1991), to overcome his procedural default.

Relying, in part, on Woody v. State, 833 P.2d 257 (Okla. 1992), and applying the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 270 (1988), the district court concluded that because Banks had placed his petition in the prison mailbox on January 20, 1995, the filing date, he had demonstrated cause for his "untimely" filing. The district court also found that Banks had demonstrated actual prejudice because his ineffective assistance of counsel and Brady violations claims would have been reviewed on the merits if the state appellate court had not dismissed his petition as untimely.

The district court thus ordered Oklahoma to grant appellate review to the state district court's denial of Banks's application for post-conviction relief. To ensure compliance with its order, the district court granted a conditional writ of habeas corpus to be issued unless Oklahoma granted Banks an appeal out of time. The state thereupon filed a motion requesting the Oklahoma Court of Criminal Appeals to grant Banks a post-conviction appeal out of time. Rejecting the district court's reliance on the mailbox rule, the Court of Criminal Appeals denied the motion but noted that under Oklahoma Court Rules, Banks could request an appeal out of time in Tulsa County District Court. See Banks v. State, 953 P.2d 344, 347 (Okla. Crim. App. 1998). Based on this decision, the Oklahoma Attorney General's office filed a motion asking the federal district court to reconsider its order granting a conditional writ of habeas corpus. Concluding that Oklahoma court rules allowed Banks to file an application for post-conviction relief out of time, the district court withdrew its earlier decision, granted the State's motion and dismissed Banks's habeas petition without prejudice for failure to exhaust state remedies.

Banks then filed an application for post-conviction appeal out of time in the state district court. While a decision on his application was pending, Banks obtained a certificate of probable cause from the district court to appeal the dismissal of his habeas petition. We granted him leave to proceed in forma

-4-

pauperis on appeal, ordered that counsel be appointed to represent his interests, and requested supplemental briefing from the parties on the exhaustion issue. Before the parties submitted their briefs on the exhaustion issue, however, the state trial court denied Banks's application for post-conviction appeal out of time, and the Oklahoma Court of Criminal Appeals affirmed.

## II

"This court will dismiss an appeal as moot, when pending an appeal from the judgment of a lower court, . . . an event occurs which renders it impossible . . . to grant [the appellant] any effectual relief whatever." In re Material Witness Warrant Nichols, 77 F.3d 1277, 1279 (10th Cir. 1996) (internal quotation omitted). In Odum v. Boone, 62 F.3d 327 (10th Cir. 1995), we applied this rule within the context of a challenge to the dismissal of a habeas petition for failure to exhaust state remedies. There, the district court dismissed Odum's petition for federal habeas relief because he had failed to exhaust state remedies. Having exhausted state remedies, Odum filed a second habeas petition which the district court also denied. On appeal, he argued that the district court abused its discretion in dismissing his first petition for failure to exhaust. Declining to reach the exhaustion issue, we held that "it is irrelevant whether dismissal of [Odum's] first petition was correct; that issue is now moot because all of the previously unexhausted claims are now exhausted." Id. at 333.

In the case now before us, the district court dismissed Banks's petition for failure to exhaust state remedies because it concluded that under state rules, he could file an application for post-conviction relief out of time. Banks thereupon filed such an application, which the state court denied while his appeal of the district court's dismissal of his petition was pending. Were we to consider the exhaustion issue and hold that exhaustion was required, we would be affirming the district court's findings, thereby affording Banks no relief. If, however, we were to conclude that exhaustion was not required, we would similarly be affording Banks no relief as he has completed the exhaustion process.

This order does not address the merits of Banks's habeas petition. The district court dismissed the petition without prejudice for failure to exhaust state remedies. The state courts's denial of Banks' application for post-conviction relief while his appeal was pending in this court has rendered the exhaustion issue moot, and we **DISMISS** this appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge