**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CAROL ANN BAILEY,

　　　　Petitioner-Appellant,

v.

DEBBIE MAHAFFEY; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

　　　　Respondents-Appellees.

No. 99-6418
(D.C. No. 98-CV-732-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT　*

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a jury trial in Oklahoma state court, petitioner Carol Ann Bailey was found guilty of two counts of possession of a controlled substance after two or more former felony convictions, and one count of possession of drug paraphernalia. She was sentenced to thirty years in prison. Bailey was tried conjointly with a co-defendant, Ronnie LeRoy Vails. Both defendants were represented by the same counsel.

Bailey's conviction was affirmed on direct appeal and her subsequent application for post-conviction relief was denied. The Oklahoma Court of Criminal Appeals affirmed. She then filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that (1) she was denied effective assistance of appellate counsel due to counsel's failure to raise on direct appeal the issue of a conflict of interest in the joint representation; (2) she was denied effective assistance of appellate counsel due to counsel's failure to raise a right of confrontation issue on direct appeal; and (3) she was denied due process of law when the trial court denied her motion to suppress.

The district court adopted the findings and recommendation of the magistrate judge and denied Bailey's habeas petition. On appeal Bailey reurges the same claims she asserted in her habeas petition. Her application for a certificate of appealability was previously granted by this court on all issues. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As a threshold matter, we address the state's argument, in its answer brief, that the district court erred in not granting its motion to dismiss Bailey's petition as outside the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The state asserts that the district court erred in finding that Bailey's judgment was not final for purposes of determining the date from which the one-year limitation period began to run until the ninety days in which Bailey could have filed a petition for certiorari with the Supreme Court had expired. A party may not attack the district court's decision with a view toward enlarging its own rights or lessening the rights of its adversary absent a cross appeal. *See Hansen v. Director, OWCP*, 984 F.2d 364, 367 (10th Cir. 1993). A jurisdictional issue, however, may be considered without a cross appeal. *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1227-28 (10th Cir. 1997). "[Section] 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Therefore, the state cannot challenge the district court's decision on the timeliness of Bailey's petition absent a cross appeal.[1]

_____

[1]     We do note, however, that if considered, the state's arguments regarding the timeliness of Bailey's petition would be found without merit. *See Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 808 (2000) (listing cases holding that for purposes of § 2244(d)(1), the one-year
(continued...)

"When reviewing the denial of a habeas corpus petition, we are generally subject to two different frameworks of review, depending upon whether the state courts addressed the merits of the claim for relief." *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir. 1999). If the state court did not adjudicate the issue on the merits, the district court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. *See id.* Where, as here, the state court addressed the claims on their merits, this court conducts its review pursuant to 28 U.S.C. § 2254. *See id.*

Because Bailey filed her § 2254 petition in May 1998, the provisions of AEDPA apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). We have held that

> when reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1), (2)). Moreover, we presume the factual findings of the state court are correct unless Bailey can rebut this presumption by clear and convincing

---

[1](...continued)
limitations period does not begin to run until the Supreme Court has denied review or the time for seeking Supreme Court review has expired).

evidence. *See id*. § 2254(e)(1). Applying these standards, we have carefully reviewed the parties' briefs, the magistrate judge's report and recommendation, the district court's order, and the record on appeal. We find no error.

The district court agreed with the state court's findings that Bailey failed to show that her attorney's representation fell below an objective standard of reasonableness and there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Bailey has not adequately challenged these findings, and we therefore agree with the district court's conclusion that Bailey's ineffective assistance of appellate counsel claims are without merit.

The state court found Bailey's claim of error in the trial court's denial of her suppression motion to be waived for failure to raise the issue on direct appeal. Oklahoma law denying post-conviction relief on defaulted claims that could have been raised on direct appeal provides an independent and adequate state ground permitting this court to refuse to review such claims. *See Odum v. Boone*, 62 F.3d 327, 331 (10th Cir. 1995). We will not conduct a habeas review on issues defaulted in state court on independent and adequate state procedural grounds, unless Bailey can demonstrate cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). The district

court found that Bailey failed to show cause as there was no external reason for her failure to raise the issue on direct appeal. We agree with the magistrate judge's reasoning and its conclusion that Bailey procedurally defaulted this claim.

The magistrate judge issued a thorough analysis as to why Bailey's petition should be denied. We decline to duplicate that analysis here. Accordingly, we AFFIRM the denial of habeas corpus relief for substantially the same reasons as those set forth in the magistrate judge's October 30, 1998 supplemental findings and recommendation as affirmed by the district court in its May 13, 1998 order.


Entered for the Court


Michael R. Murphy
Circuit Judge