**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WILLIAM KEITH PACE,

     Plaintiff-Appellant,

v.

LEROY L. YOUNG, Warden, and
STATE OF OKLAHOMA,

     Defendants-Appellees.

No. 00-6413
(D.C. No. 99-CV-1439-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **EBEL, KELLY,** and **LUCERO**, Circuit Judges.

     William Keith Pace ("Pace") brings this petition for habeas corpus under 28

U.S.C. § 2254 challenging his conviction in Oklahoma state court on two counts

of first-degree murder under Okla. Stat. tit. 21 § 701.1(a). See Pace v. State, No.

F-96-1364, slip op. at 1 (Okla. Crim. App. 1998). The jury heard evidence that

Pace invited his victims, Ralph Jared ("Jared") and Aaron Combs ("Combs"),

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

along with a third man named Douglas Everman ("Everman"), to his home to drink beer. See id. For approximately 45 minutes, the four men visited at Pace's kitchen table without incident. See id. Everman testified that he got up to go to the bathroom with Jared following behind him, heard several popping noises, and turned to see Pace holding a gun. See id. at 1-2. Pace told Everman to get out of the way, and then shot Jared. See id. at 2. Pace killed both Combs and Jared, and then invited Everman to stay for another beer. See id. Everman declined, and instead left to report the shooting. See id.

Pace unsuccessfully appealed his conviction to the Oklahoma Court of Criminal Appeals, asserting that: (1) he was prejudiced by ineffective assistance of counsel because his attorney failed to (a) seek a limiting instruction for certain impeachment evidence, (b) demur at the close of evidence, and (c) request a jury instruction on voluntary intoxication, see Pace, No. F-96-1364 at 2; (2) the prosecutor improperly commented on Pace's invocation of his right to silence, see id. at 7-8; (3) the evidence was insufficient to prove Pace acted with malice aforethought, see id. at 9; and (4) the evidence was insufficient to disprove Pace's claim that he acted in self defense, see id..

The Oklahoma Court of Criminal Appeals rejected each of these arguments, see generally id., and Pace filed a petition for habeas corpus under 28 U.S.C. § 2254 which substantially duplicated his arguments on direct appeal and in

addition claimed that: (1) the district court's omission of the word "unlawfully" from a jury instruction defining "malice aforethought" violated his constitutional right to due process, see Doc. 2 at 6; and (2) Pace's counsel was ineffective because he failed to object to the jury instruction on malice aforethought, and because he failed to object to the admission of incriminating statements that Pace made to an investigating officer after asserting his right to counsel, see id. at 8.

The district court referred Pace's petition to a magistrate for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), and the magistrate issued a report and recommendation that Pace's petition be denied. See generally Doc. 43. The district court adopted the report in full. See Doc. 45 at 2. Specifically, the district court denied those claims which were presented on direct appeal in light of the deferential standard of review required by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)(1). See Doc. 45 at 2; Doc. 43 at 4, 9, 13 & 16. Further, the district court held that Pace's new objection to the jury instructions and his claims of ineffective assistance of counsel were procedurally barred, and were not excused by ineffective assistance of appellate counsel as Pace argued in his petition. See id. at 18-22. Finally, the district court denied Pace's requests for a Certificate of Appealability ("COA") and to appear in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Doc. 51.

With respect to those claims which the district court found were addressed in his direct state appeal, we deny COA for substantially the reasons set forth in the district court's order and in the magistrate's report and recommendation. Pace did not appeal the district court's denial of relief based on his counsel's failure to object to the impeachment evidence, and therefore we do not consider the argument in this order and judgment. Further, we agree that Pace failed to exhaust his due process objection to the jury instruction defining malice aforethought and his related claim of ineffective assistance of trial counsel in state court. Thus, Pace's substantive objection to the jury instructions is now procedurally barred, and we deny COA as to this issue. Cf. Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995) (upholding procedural bar on the basis of petitioner's failure to present a claim on direct appeal in Oklahoma state court).

The district court held that Pace's claim that his trial counsel was ineffective for failing to object to the instructions was also procedurally barred, and that Pace could not establish cause and prejudice excusing the procedural bar. See Doc. 43 at 18. We need not reach the question of procedural bar on this issue, however, because we find that the petition can as easily be denied on its merits. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") In order to establish

entitlement to relief on the basis of ineffective assistance of counsel, Pace must show both that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by his attorney's mistakes. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, Pace has not alleged facts satisfying either element of his claim. Despite the omission of the word "unlawfully" from the jury instruction on malice aforethought, the instructions as submitted substantially tracked the elements of first-degree murder in Oklahoma. See Okla. Stat. tit. 21 § 701.7. Further, we note that the OCCA has in the past approved of similar jury instructions defining malice aforethought. See Williams v. State, No. D-99-654, 2001 WL 341950 at *7-8 (Okla Crim. App. 2001) (holding that instruction defining malice aforethought as "a deliberate intention to take away the life of a human being" properly conveyed the mens rea element of first degree murder); Cleary v. State, 942 P.2d 736, 744 (Okla. Crim. App. 1997) (approving instruction defining malice aforethought as the "deliberate intent to take a human life"). Finally, the idea of "unlawful" is implicitly embraced in the concept of malice. For these reasons, we do not believe either that Pace's trial attorney's performance was objectively unreasonable or that any mistakes the attorney made prejudiced Pace at trial. We therefore deny COA as to this issue as well.

Finally, because we find that Pace's appeal was not taken in good faith, we DENY Pace's motion to appear <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)(1) & (a)(3).

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge