**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CRAIG H. BONDY, SR.,

        Petitioner-Appellant,

v.

SONNY SCOTT, Warden; DREW
EDMONDSON, State Attorney
General,

        Respondents-Appellees.

No. 01-6156
(D.C. No. 99-CV-2119-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

Petitioner Craig H. Bondy, Sr., a state inmate appearing pro se , appeals the

district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas

corpus. Bondy has asked to proceed in forma pauperis, and has requested a

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253. Additionally, Bondy has filed a "Motion for Judgment," based upon the government's decision to forgo filing a responsive brief. Because Bondy has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a COA and dismiss the appeal.

## I

Bondy was convicted on February 14, 1997, of two counts of child molestation involving his step-daughter, for which he was sentenced to two consecutive fifteen-year terms of imprisonment. On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Bondy asserted the following: (1) that the trial court erred in refusing to instruct the jury on the necessity of corroboration and caution in assessing the victim's credibility; (2) that the repetition of the allegations through hearsay testimony of multiple witnesses was improper bolstering of the victim's testimony under Oklahoma law; and (3) that the trial court erred in admitting certain expert testimony involving the correlation between child abuse and the existence of physical findings to corroborate that abuse. The OCCA affirmed the conviction on June 5, 1998.

In his application for state post-conviction relief, Bondy raised the following ten grounds for reversing his conviction:

(1) the trial court improperly refused a line of questioning designed to show state witness Dorothy Bondy was biased;

-2-

(2)  trial counsel was ineffective in not introducing a letter written to Bondy by his wife, and appellate counsel was ineffective for not raising the issue on appeal;

(3)  the state offered testimony that it knew or should have known was coerced, perjured, and misleading;

(4)  state witness Russell Johnson's testimony was perjured and misleading;

(5)  evidence admitted through state witness Detective Teresa Sterling was manufactured and prejudicial;

(6)  state witness Mary Vinson was unqualified to either conduct or testify about a forensic interview with the victim;

(7)  state witness Sterling's testimony was unreliable and misleading;

(8)  the victim's testimony was coerced, misleading, and unreliable;

(9)  appellate counsel was ineffective for not raising grounds three through eight, above, on direct appeal; and

(10) cumulative error.

The underlying basis for all of these grounds was an affidavit, signed by Bondy's wife Dorothy almost one year after the trial, in which she claims remorse for her testimony and alleges that child welfare officials, the police, and the prosecution conspired to manipulate and coerce her and the victim to testify falsely against her husband. According to Bondy, he requested that his counsel supplement the record on appeal with the affidavit, but counsel declined.

The state district court found Bondy was procedurally barred from arguing all claims not raised on direct appeal, except his claim of ineffective assistance of appellate counsel. [1] On the ineffective assistance claim, the court found Bondy failed to establish that he received constitutionally ineffective assistance of appellate counsel under Strickland v. Washington, 466 U.S. 668 (1984). The OCCA affirmed the district court's denial of post-conviction relief on November 4, 1999.

Bondy then petitioned in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, where he raised the same ten grounds as those in his state post-conviction application. The magistrate judge refused to review those claims that were procedurally defaulted, and further found that the state court's procedural bar of any claim of ineffective assistance of trial counsel was appropriate under relevant federal precedent. The magistrate judge then examined

---

[1] There is confusion in the record regarding Bondy's ground number two, which claims ineffective assistance of counsel pertaining to the exclusion from evidence of a letter written by Bondy's wife while Bondy was in jail awaiting trial. The state district court addressed ground two solely as a claim of ineffective assistance of appellate counsel for failure to raise the issue on appeal, even though Bondy also made passing reference in his brief to ineffective assistance of trial counsel for failure to aggressively pursue the issue and to move to admit the letter into evidence. Likewise, the OCCA condensed grounds two and nine into a single claim of ineffective assistance of appellate counsel and only addressed that issue, finding all of Bondy's remaining claims were defaulted. The magistrate judge thus properly treated the issue of ineffective assistance of trial counsel as one that the state court had deemed procedurally barred.

-4-

at length Bondy's ineffective assistance of appellate counsel claim and concluded that Bondy failed to show his counsel acted unreasonably or that counsel's performance prejudiced his case. Finally, construing Bondy's petition liberally, the magistrate judge found Bondy failed to demonstrate either his actual innocence or that a fundamental miscarriage of justice resulted from the court's refusal to review his procedurally defaulted claims. The district court adopted the magistrate judge's report and recommendation in its entirety and denied Bondy's habeas petition on April 20, 2001.

Bondy now appeals and requests a COA from this court based on the same ten grounds argued in his state and federal petitions. He also raises two new issues. The first, raised but not argued before the district court, is that the state and his appellate counsel unconstitutionally denied Bondy access to his trial court records and transcripts at public expense. The second is that the district court erred in denying Bondy an evidentiary hearing to further investigate the particular issues he raises.

In a habeas corpus proceeding under 28 U.S.C. § 2254, a COA will be granted only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That demonstration includes "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). When the district court has rejected a petitioner's constitutional claims on the merits, we grant a COA only when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When a district court denies habeas relief on procedural grounds without reaching the constitutional claims, we grant a COA only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## II

We review de novo whether a petitioner's claims are procedurally barred. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993). As a general rule, federal habeas review of claims defaulted in state court pursuant to an independent and adequate state procedural rule is barred "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A state procedural ground is independent if it relies on

-6-

state law, rather than federal law, as the basis for the decision." English v. Cody,
146 F.3d 1257, 1259 (10th Cir. 1998). To be adequate, "a state rule of procedural
default must be applied evenhandedly in the vast majority of cases." Id.

Bondy's state post-conviction claims numbered one, three, four, five, six,
seven, eight, and ten were all barred procedurally under Oklahoma law because of
his failure to raise the issues first on direct appeal. The procedural bar to those
issues was an independent state ground because "it was the exclusive basis for the
state court's holding" on those claims. Maes v. Thomas, 46 F.3d 979, 985 (10th
Cir. 1995). Because Oklahoma regularly applies this law, the district court
correctly found the rule to be an adequate ground for the appellate court's
decision. See Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995); see also
Brecheen v. Reynolds, 41 F.3d 1343, 1349 n.4 (10th Cir. 1994). Furthermore,
after reviewing the record in this case, we agree with the district court's
conclusion that the allegations of perjury and coercion stated by Bondy in his
court papers and by his wife in her affidavit are not sufficient to overcome the
contrary evidence of Bondy's guilt presented at trial. [2] Therefore, we also

---

[2] The magistrate judge found Dorothy Bondy's statements in her post-trial
affidavit unconvincing given the clarity and consistency of her trial testimony for
the prosecution and the zealous cross-examination of all of the state's witnesses
by defense counsel. In addition to Dorothy Bondy, several other people testified
against petitioner at trial, including the victim, the victim's aunt and uncle, the
victim's grandmother, the victim's eight-year-old cousin, the investigating police
(continued...)

conclude that Bondy has not demonstrated either actual prejudice as a result of the alleged violations of federal law or that the failure to consider his claims resulted in a fundamental miscarriage of justice.

We find no merit to Bondy's claim that his inability to obtain records and transcripts at public expense was either "cause and prejudice" or a "fundamental miscarriage of justice" entitling him to avoid Oklahoma's procedural bar. In his brief on appeal, Bondy cites only to a portion of his brief in the district court where he alleged that, after his conviction was affirmed, he made several failed attempts to obtain copies of trial transcripts and court records at public expense. He claims those attempts failed because he could not overcome "procedural blockades meant to keep indigent litigants from adequately developing arguments on appeal." (Appellant's Br. at 4.) This perfunctory allegation provides us with Bondy's only claim of error on the matter. The record includes nothing of substance that allows us to review Bondy's assertions, and we will not craft an argument for him. The record does show that Oklahoma law provides a procedure for indigent defendants to obtain transcripts, but Bondy has failed to demonstrate how that procedure, or any deficiency in that procedure, has affected his claims.

---

[2](...continued)
officer, a sex crimes detective, and a medical expert.

Without more, we conclude Bondy has not shown prejudice or a miscarriage of justice that overcomes Oklahoma's procedural bar to his claims.

## III

Claims of ineffective assistance of trial counsel may also be defaulted at the state level so long as the procedural bar for the review of those claims "adequately protects a criminal defendant's ability to vindicate his or her constitutional right to the effective assistance of counsel." English, 146 F.3d at 1261. Because of the fundamental importance of the Sixth Amendment right to counsel, we have stated that, to be adequate, a state procedural bar to federal habeas review of ineffective assistance of trial counsel claims must comply with the following imperatives: "(1) allowing petitioner an opportunity to consult with separate counsel on appeal in order to obtain an objective assessment of trial counsel's performance and (2) providing a procedural mechanism whereby a petitioner can adequately develop the factual basis of his claims of ineffectiveness." Id. at 1263. In English we held that Oklahoma's procedural default rule may bar claims of ineffective assistance of trial counsel in those cases where "trial and appellate counsel differ, and the ineffectiveness claim can be resolved upon the trial record alone." Id. at 1264.

In the instant case, there is no question that Bondy's trial counsel and appellate counsel differed. Further, the magistrate judge found that trial counsel

declined to offer a potentially damaging letter from Bondy's wife into evidence, choosing instead to strategically cross-examine her only on the letter's contents that were favorable to Bondy. These facts and Dorothy Bondy's testimony were all part of the trial record. We therefore agree with the magistrate judge's report and recommendation, adopted by the district court, that Bondy was able to adequately develop any factual basis for his claim surrounding the letter, and that his appellate counsel could have pursued this claim on direct appeal. [3] Thus, the state procedural bar to this claim was adequate. Moreover, our review of the record convinces us that trial counsel's decision was not objectively deficient or prejudicial to Bondy's case, and also that Bondy has not demonstrated that the failure to consider this claim resulted in a miscarriage of justice. Therefore, we

---

[3]    In his response to the magistrate judge's report and recommendation, Bondy argued that the matter could not be resolved on the basis of the record alone, and therefore he requested an evidentiary hearing to flesh out and prove his allegations. However, such a hearing would contravene the clear language of 28 U.S.C. § 2254(e)(2), which allows evidentiary hearings only after the applicant has demonstrated he has met certain tightly prescribed exceptions excusing his failure to develop the factual basis of his claim in state court. Bondy has not made that showing. Further, we disagree with Bondy's claim that the issue of ineffective assistance of trial counsel could not have been resolved on the trial court record, as the existence of the letter and trial counsel's questioning as to its contents were contained in that record. To the extent Bondy requests an evidentiary hearing to demonstrate actual innocence as a reason to avoid the procedural bar, we conclude that Bondy's allegations, based entirely upon his wife's affidavit, do not present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." Schlup v. Delo, 513 U.S. 298, 316 (1995).

conclude Bondy has not overcome Oklahoma's procedural bar to his allegation of ineffective assistance of trial counsel.

**IV**

Because the state court reviewed Bondy's claims of ineffective assistance of appellate counsel on the merits, the federal district court was required to deny the claims unless they

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Hale v. Gibson, 227 F.3d 1298, 1309 (10th Cir. 2000), cert. denied, 121 S. Ct. 2608 (2001). This Court presumes a state court's factual findings to be correct unless the petitioner is able to rebut this presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). A state court decision is contrary to established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(2) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

-11-

unreasonably applies that principle to the facts of the prisoner's case."    Id.  The reasonableness of the state court's application of federal law is evaluated objectively.   See id. at 409–10.

Bondy's claim of ineffective assistance of appellate counsel is based on his lawyer's decision not to raise claims on direct appeal relating to allegations of "prosecutorial misconduct, perjured testimony, and contaminated testimony." (Appellant's Br. at 13.)  As noted above, these issues first surfaced after Bondy secured an affidavit from his wife, in which she recanted part of her testimony and questioned the credibility of many of the witnesses against Bondy.  After obtaining the affidavit, Bondy apparently filed a motion for a new trial with the state district court and also requested that his appellate counsel supplement the record on direct appeal.  Counsel advised him that his motion for new trial would likely be denied because it was not based on sufficiently meritorious newly discovered evidence, and she declined to supplement the record because the appeal had been perfected over four months before the affidavit had been signed.

Both the OCCA's  order and the magistrate judge's report and recommendation provide analysis of Bondy's ineffective assistance claim under the correct legal principles as articulated by the Supreme Court in        Strickland .  Our review of the entire record in this case also convinces us that the decision of Bondy's appellate counsel to base the appeal on those issues she believed had

merit—and to forgo raising those issues she felt were unsupported by the record—was objectively reasonable. Moreover, our review of the unsubstantiated allegations in Dorothy Bondy's affidavit persuades us that even if its preclusion on direct appeal constituted professional error, that error would have had no effect on the outcome of that appeal.

## V

Accordingly, Mr. Bondy's motion to proceed in forma pauperis is **GRANTED** . His application for a COA is    **DENIED** . The appeal is **DISMISSED**   and his motion for judgment is    **DENIED** .


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge